## KENNEDY VS. BAKER and another.

EXEMPTION.—Where a debtor removes his stock in trade, exempt from sale under subdivision 8, sec. 58, ch. 102, R. S., to an auction room, for the purpose of having it sold at auction, he forfeits the exemption given by the statute.

(4 Chand., 19.)

ERROR to the County Court of *Rock* County.

*Kennedy* brought an action of replevin against *Baker & Haselton* for certain of his goods and chattels, and they justified the seizure and detention for that they were seized and held under process of law to satisfy a debt due from *Kennedy* to *Baker*, and that *Haselton* was an officer having such process to execute and duly authorized to execute it.

*Kennedy* claimed that the goods seized were exempt from seizure and sale, as *his stock in trade*; that they were part of his stock in trade as a grocer. At the trial, it appeared that the plaintiff had removed the goods in question from his place of business to an auction room, to be sold for his benefit, whereupon they were seized by the defendants as before stated. The county court gave judgment for the defendants, and the plaintiff brought error.

*J. R. Bennett*, for plaintiffs in error.

*Taylor & Niel*, for defendants in error.

*Per Curiam.* — The removal of the goods in question to an auction store to be sold, is evidence that they were no longer to be used as "stock in trade," and are not, therefore, protected by the exemption act.

We do not deem it necessary to decide whether goods used, as in this case, are stock in trade within the meaning of that act. The judgment must be affirmed.