## WALSCH and another vs. CALL.

EXEMPTION, STATUTE OF: (1) *Only applicable to lawful business.* (2) *Stock of unlicensed saloon not exempt.*

1. The statute (Tay. Stats., 1550, § 32), which exempts from attachment, etc., " the tools and implements, or *stock in trade,* of any mechanic, miner, or other person, used and kept for the purpose of *carrying on his trade,* not exceeding $200 in value," must be construed to apply only to a *lawful* trade or business.
2. A person engaged, *without a license,* in keeping a saloon for the sale of intoxicating liquors by the glass, to be drunk on the premises, cannot claim such exemption for any part of his stock in trade.

APPEAL from the Circuit Court for *Brown* County.

This is an action brought by the plaintiffs to recover the possession of certain liquors, to wit, two barrels and one keg of whiskey, and one keg of brandy, of the alleged value of $109. The answer is a general denial of the material allegations of the complaint.

It appeared on the trial that the defendant seized the liquors by virtue of a writ of attachment against the property of the plaintiffs, issued at the suit of one Lawrence; that the plaintiffs were at the time of such seizure engaged in keeping a saloon in the village of Depere for the sale of liquors by the glass to be drunk on the premises; that they had no license to do so from the proper village authorities; that the liquors so seized by the defendant were part of their stock in trade in such business; and that the whole of their stock in trade was worth less than $200.

Upon these undisputed facts the circuit court directed the jury to find for the defendant, and they did so. From the judgment duly entered upon the verdict the plaintiffs appealed.

*Hudd & Wigman*, for appellants.

*Neville & Tracy*, for respondent.   [No brief on file.]

Lyon, J.   No question is made in relation to the regularity of the proceedings on the attachment, and it seems to be conceded that the defendant is entitled to the possession of the liquor in controversy unless the same is exempt by law from seizure by virtue of the attachment.   The plaintiffs claim that the property is so exempt.   The statute provides that "the tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value," shall not be liable to attachment, execution or sale, on any final process issued from any court in this state.   Tay. Stats., 1550, § 32.

This statute is only applicable to persons engaged in some trade or business, and to property used and kept for the purpose of carrying it on.   The evidence in this case discloses the business in which the plaintiffs were engaged when their liquor was seized, and shows that it was kept for the purpose of carrying on such business.   But it is also in proof that the plaintiffs had no license to carry on the business in which they were

so engaged (which was the selling of intoxicating liquors), and hence their business was prohibited by law. Tay. Stats., 730, § 5.

The question to be determined is, therefore, whether the stock in trade of the plaintiffs, who were thus unlawfully engaged in the business of selling intoxicating liquors, was exempt by law from seizure on attachment. It seems almost too clear to admit of argument or dispute, that this question must be answered in the negative. If, when the liquor was seized, the plaintiffs had not been engaged in any business, the liquor would most certainly have been liable to seizure on the attachment. For in such case the essential condition of the exemp-, tion, that the property must be used and kept for the purpose of carrying on the trade or business of its owner, could not be complied with. Now, the doctrine that while the plaintiffs obeyed the law their property was liable to seizure, but as soon as they violated the law and committed a misdemeanor, perhaps scores of them, by engaging in an unlawful business, the same property became exempt from seizure, cannot be tolerated for a moment. And yet this is the doctrine which the appellant asks us to sanction and to apply in this case.

Had the plaintiffs brought an action to recover the price of liquor sold by them without license, the action would have failed, because, having no legal right to make the contract of sale, they would not be allowed to prove the illegal contract as the foundation of their right to recover. *Melchoir v. McCarty*, 31 Wis., 252, and cases cited. We think it a reasonable and proper application of the same principle, to hold that the plaintiffs cannot be permitted to prove a cause of action in this case by showing that they have committed a misdemeanor or a series of misdemeanors.

Upon full consideration we are of the opinion, and so hold, that the term " trade or business," as used in the statute above quoted, must be construed to mean some *lawful* trade or business, and that no person who is engaged in any business which

is prohibited by law, is entitled to any exemption of his tools, implements or stock in trade used and kept for the purpose of carrying on the same, unless such property be exempted by some provision of law other than the statute under consideration.

The learned circuit judge took the same view of the law; and as there was no dispute as to the controlling facts in the case, he was correct in directing a verdict for the defendant. Some exceptions were taken at the trial to the rulings of the circuit court upon objections to the admission of testimony; but the view we have taken of the law of the case renders it unnecessary to pass upon these exceptions.

*By the Court.*— The judgment of the circuit court is affirmed.