### Albert Harris v. Isaac Haynes.

*Exemptions: Tools: Suspension of business.* One who had failed in the hardware and tinning business, and made an assignment, reserving certain tinner's tools and machines as exempt, is held entitled to retain them as exempt, notwithstanding he has done little or nothing in the business for four months afterwards, in the absence of any showing that he had gone into other business, or relinquished his former occupation.

*Tools: Exemption from execution: Temporary stoppage of business.* The object of the statute exempting tools, etc., is to encourage those who have become unfortunate, by preventing them from being deprived of the means of making an honest living; and it contemplates the exercise of the right, upon the loss of all that is not exempt, in a manner to cause at least a temporary breaking up and stoppage of business.

*Heard July 17.   Decided July 24.*

Case made from Kent Circuit.

*D. E. Corbett*, for plaintiff.

*Taggart, Simonds & Fletcher*, for defendant.

CAMPBELL, J.

Haynes, as sheriff of Kent county, levied on certain tinner's tools and machines belonging to Harris, which Harris replevied as exempt.

The facts are found specially. It appears that in January, 1873, Harris, who had been engaged in the hardware and tinning business, failed, and made a general assignment, reserving therefrom this property as exempt. The levy of execution was made in the early part of May. The tools had remained in the old shop, which was separated from the hardware store by a partition; and after the assignment, Harris had access to the shop, and not to the store.

During the interval Harris was not engaged in any business or occupation, except as follows: for a day or two after the assignment, a man who had been in his employment was at work in the shop, and worked on another day afterwards. It does not appear that Harris paid him any thing, but he took away what he made, except one coffee-pot, which Harris received. At some time or times in the interval, Harris made about fifty pairs of blind-plates, which a good workman could have made in half a day. Harris gave such attention as kept the tools and machinery in order, but did no further work, but made a contract to do some tinner's work, the nature and amount of which is not found. During his continuance in the hardware business, from April, 1872, to the time of the assignment, he acquired his knowledge of the tinner's business, and devoted some personal attention to it, but bought no stock, and had made no arrangements for prosecuting business when the levy was made.

The circuit court held the property not exempt. The facts have not impressed us in the same way. The object of the exemption is to encourage men who may have become unfortunate, by preventing them from being de-

prived of the means of making an honest living. It contemplates that at the time when the necessity for an exemption arises, they will be subject to a loss of all that is not exempt; and in many, if not in most cases, this must be equivalent to at least a temporary stoppage of business. In the case of farmers, whose work is done upon land, the homestead exemption, added to that of their teams and implements, will prevent a breaking up. But in other business it is probable, and often inevitable. The laws must be construed reasonably, as made to reach such cases, and not applied so as to make them delusive.

At the time of the assignment, it is very plain that the property was exempt; and yet such an assignment at once put an end to the current business. Being part of a hardware business, whatever checked that, would naturally stop the other. The very assertion of the exemption at that time, and the acceptance and action of the assignees, indicated an intention to regard the tinner's tools as necessary for the assignor's future occupation. Otherwise the assignment would have been void.—*Brooks v. Nichols, 17 Mich. R., 38.*

The facts show no design of giving up this purpose. Harris has gone into no other business, and it is not to be presumed that he means to become an idler. The fact that all he has done could be done in a much shorter time by a good workman, is of no account. If work does not come in at once, it cannot very well be done till it comes in. The fact that he had been contracting, or even negotiating, for future work, shows that he has not changed his intent.

We think that until, from lapse of time, or from other facts, it is apparent a person has relinquished his former occupation, after he has retained his exempted tools, the presumptions must be in his favor.

Judgment below must be reversed, and judgment entered for plaintiff in error, with costs of both courts.

The other Justices concurred.