ALBERT R. WILDEY v. EDGAR A. CRANE.

[See 52 Mich. 446; 63 Id. 720.]

*Attorney and client—Prosecution of suit on shares—Statute of frauds — Action against attorney for costs — Evidence — Charge to jury.*

1. A *verbal* agreement by which an attorney contracts to prosecute a claim against an insurance company at his own expense, and, if successful, pay one-half the sum collected to the plaintiff, and, if unsuccessful, pay the costs and receive nothing for his services, and which has been fully performed, is not within the statute of frauds.

2. In a suit on such an agreement to recover of the attorney said costs, the plaintiff having testified that the attorney solicited him to make said agreement after he had given up trying to collect the claim, he may be asked on cross-examination if he did not try to get other attorneys to take the case on shares.

69 MICH.—2.

3. Where in such a case the attorney claimed that after obtaining a judgment against the insurance company at the circuit, which the company proposed to test in the Supreme Court, he had an express understanding with his client that if he failed in the Supreme Court he was not to have any fees, nor be liable for any costs, and that he informed his client that he could then discontinue the suit without payment of costs, he may show by the officers of the company their consent to such discontinuance.

4. Where a note was placed in the hands of an attorney for collection, and taken from him after he had rendered certain services in the matter, in a suit to recover for the same it is not competent for the defendant to show that the renewal note taken by him had not been paid.

5. The requests of the defendant, as set forth in the opinion, were especially applicable to his theory of the case, and should have been given.

6. Where counsel has prepared instructions which he desires given to the jury, and which involve propositions of law governing the case as he understands it, and offers and requests to be heard in their support by reasoning and authority, it is his right to be so heard, in a reasonable manner; but before a refusal can be urged as objectionable, he must have made known to the court his wish to be thus heard.

7. A case should be submitted to the jury upon the theory of the defendant as well as that of the plaintiff, if there is any testimony in the case tending to support it.

Error to Van Buren. (Mills, J.) Argued January 27, 1888. Decided March 2, 1888.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Edgar A. Crane,* in *pro. per.,* for appellant.

*E. R. Annable,* for plaintiff.

SHERWOOD, C. J. This action is brought to recover of the defendant $138.68, paid by the plaintiff to satisfy a judgment for costs recovered against him by the Farmers' Mutual Fire Insurance Company, of Van Buren county.

Wildey brought an action against the company to recover for a loss sustained by him upon one of its policies, and failed to recover, and the costs sued for were then taxed up against him in such suit, and in which the defendant was his attorney.

The plaintiff now bases his action upon an alleged contract, which he claims to have made with the defendant, whereby it is claimed the defendant agreed to prosecute the plaintiff's suit against the company, and pay all costs incurred, and, if successful, give Mr. Wildey one-half of all collected, but, if unsuccessful, then Crane was to pay all the costs, and have nothing for his services.

Wildey recovered in the circuit, but failed to sustain his judgment on appeal to this Court; and the costs taxed are those now sued for, Wildey having paid the same, and made demand therefor upon the defendant.

The defendant denied making the contract claimed by the plaintiff, pleaded the general issue to the plaintiff's declaration, and gave notice of set-off thereunder.

On the trial at the circuit before a jury, the plaintiff recovered judgment, and defendant brings error.

The defendant insists that the contract plaintiff claims to have made with him, being a verbal one, is within the statute of frauds; that an action will not lie upon it, for the reason that Wildey had no cause of action against the insurance company, and there was therefore no basis for such a contract as the plaintiff claims to have made with the defendant.

We think this position is untenable. The contract, as the plaintiff states it, was based upon a venture in which both parties, in case of success, were to be beneficially interested. It was a right of action which might or might not be defeated, according to circumstances. That right had been prosecuted before this suit was brought, and the contract, therefore, became an executed one before this suit was commenced, if it ever existed.

The plaintiff as he states his case has a cause of action against the defendant.

The defendant emphatically denies the conversation in which the alleged contract was made, as the plaintiff states it, and says that, after several conversations with Mr. Wildey, he did agree for a contingent fee, and at the earnest solicitation of the plaintiff, to prepare and present to the board of directors of the insurance company the claim of the plaintiff for allowance, and that in pursuance thereof he did present the same to said board, and that the same was disallowed, and that he performed no other services in the claim upon a contingent fee, and that, when the insurance board rejected said claim, the plaintiff directed the defendant to bring the suit against the company, which resulted in defeat.

The defendant also made a claim of set-off against the plaintiff for services rendered in another matter entirely disconnected with the claim of the plaintiff, also for an item of service in the suit against the company, in securing a reduction of the costs presented for taxation, which service the defendant claimed he had a special contract with the plaintiff by which he was to be paid therefor.

Upon the several claims of the two parties, and upon the theory of each, the cause was tried, with the result before stated.

The defendant relies upon the exceptions he took upon the trial in the receiving and rejecting testimony, and to the charge of the court, for a reversal.

We have examined the record with care, and note the following as subject to the exceptions taken :

Mr. Wildey, the plaintiff, testified, when upon the stand, that the defendant solicited him to allow the defendant to prosecute the suit against the insurance company, upon the terms claimed by the plaintiff, after the latter had given up trying to collect it.

On his cross-examination the defendant asked the witness:

" You tried to get different attorneys practicing at this bar to take this case on shares, did you not, Mr. Wildey?"

The answer was ruled out as immaterial and incompetent. The witness should have been allowed to answer. The inference the jury would be likely to draw from the statement of the manner the defendant engaged in the service of the plaintiff was not favorable to the defendant, and any circumstances originating with the plaintiff, modifying or explanatory of the facts from which such inference arose, were proper cross-examination, and admissible. The answer should have been allowed.

After judgment was obtained by the plaintiff in the circuit against the insurance company, and the company announced its intention to remove the case to the Supreme Court, the defendant claims, and his testimony is to the effect, that he saw Mr. Wildey, and had an express understanding with him that, if he failed in the Supreme Court, the defendant was to have no fees for his services, but was not to be liable for any costs; that about that time the insurance company had a meeting at which the case was considered, and the terms upon which the defendant was prosecuting the suit were talked over, and until then there was no occasion to consider the question as to payment of costs by Mr. Wildey, as the judgment was in his favor at the circuit; and that, when the case was finally removed to the Supreme Court, the defendant declined to prosecute it, if he was to be held liable for costs in case of failure; and that neither of the parties were liable up to that time for any costs. Defendant also testified that he told the plaintiff he could then discontinue his suit if he wished, and the company would allow him to do so without the payment of costs. The defendant called both the secretary and president of the company to prove that the company would have allowed this to have been done, but under the ruling of the court this testimony was excluded.

We think, under the defendant's theory of the case, the testimony was material and proper.

To prove set-off the defendant offered testimony tending to prove that the plaintiff placed in his hands a note for over $300 for collection; that the maker's whereabouts were unknown to the plaintiff, but through correspondence defendant located him in New York, and was proceeding to collect the note, when Wildey took back the note, and arranged the matter with the debtor by taking a new note. The defendant then testified to the value of his services in the matter.

Mr. Wildey was examined on rebuttal, and was allowed to testify, against the objection of defendant, that the new note thus taken in settlement for the old one had not yet been paid. This testimony was incompetent, and the motion to strike it out should have been granted.

We think the defendant's third, fourth, fifth, and eighth requests should have been given as requested. Under the facts appearing in the testimony, they were especially applicable to the defendant's theory of the case. They are as follows:

" 3. There was no time, after the suit of *Wildey v. Insurance Company* was commenced, that he, Wildey, could not have stopped it, if he had desired to, and that without Crane's consent. And if you find that a disagreement arose between Wildey and Crane as to what the agreement was with reference to the costs, and if Crane then notified Wildey that he, Crane, would not pay the costs if the case went against Wildey, then it was Wildey's duty to have discontinued the proceedings at that time; or, if he did not do so, but permitted it to proceed, and costs thereby be made that he could have prevented, then he cannot recover them from Crane.

"4. If you find that, pending the litigation of *Wildey v. Insurance Company,* Crane denied to Wildey that he had ever agreed to pay the costs of the case if the case went against Wildey, and that he would not pay them; and if you further find that at that time the insurance company had offered to compromise with Wildey, or that they would

have consented that Wildey discontinue his case without costs,—then Wildey cannot recover in this action.

"5. If they find that the contract was made just as is claimed by Wildey, and that both parties understood it alike, but that afterwards Crane refused to carry it out, and so notified Wildey; and if they further find that Wildey could not at that time have obtained the consent of the insurance company to permit him to discontinue his suit without costs, —then, and in that case, he could only recover such costs as had been made up to that time."

"8. It is claimed by Mr. Crane, the defendant, that Wildey shall not recover against him, but that Wildey is indebted to him for services in matters not connected with the contract sued on by Mr. Wildey; and you are instructed that Mr. Crane is entitled to recover for such services such amount as you find from the evidence that his services were worth, provided there was no stipulated amount agreed upon for them; and, if there was a price agreed upon, then he will recover the price so agreed upon."

The defendant's counsel claims that he was not allowed to present to the court his views upon the law of the case as embodied in his requests on argument. We do not find any statement in the record that defendant announced to the court his desire to make an argument in favor of the requests he presented.

After presenting the requests to charge, defendant said to the court:

"Does your honor care to hear any law on those propositions contained in the requests to charge that I gave you?"

The court answered:

"No, sir."

In this question and answer the defendant only called out the desire of the court, instead of expressing to the court the desire of the defendant. We find no error in the action of the court upon this subject. It is true, after counsel has prepared instructions which he desires given to the jury, and which involve propositions of law governing the case as he understands it, and offers and requests to be heard in their

support by reasoning and authority, it is his right to do so, in a reasonable manner; but before a refusal to hear counsel can be urged as objectionable, he must make known to the court his wish to be thus heard on the questions of law involved.

The court in instructing the jury, upon its own motion, said:

"If you should find that it is established by a preponderance of the evidence that the contract which Mr. Wildey claims was made between himself and Crane was not in fact made, then, if Mr. Crane made disbursements, as he claims he did, in and by the litigation which was carried on for Mr. Wildey on his claim against the insurance company, Mr. Crane would be entitled to recover such sums as are covered by the other matters of set-off."

And further charged that—

"The item for reducing taxation of costs in the Supreme Court, I think, could not be recovered by way of set-off under the facts in the case as they are claimed by Mr. Crane."

Both of these charges were erroneous. By the first the defendant was required to prove by a preponderance of the evidence the fact that Mr. Wildey did not make such a contract with the defendant as he claimed. It was not for the defendant to negative such fact. It would be presumed that he did not, until the fact was affirmatively proved by Mr. Wildey. The charge casts the burden of proof upon the wrong party upon the subject.

As to the second charge, it completely ignores the theory of the defendant that he was entitled to his pay for his disbursements, and pay for his services for contesting the taxation of costs, under an arrangement with Mr. Wildey entirely separate and different from that testified to by Wildey, and which, if believed by the jury, would entitle the defendant to the pay he claimed for such services and disbursements. The case should have been submitted to the jury upon the theory of the defendant as well as upon that of the plaintiff,

so long as there was testimony in the case tending to support it.

For the errors above mentioned, we think the judgment should be reversed, and a new trial granted.

The other Justices concurred.