PRINCE, Administrator, Appellant, vs. HAKE and another, Respondents.

*January 13 — January 28, 1890.*

*Execution: Homestead: Unlawful use.*

The use of a homestead for unlawful purposes does not render it subject to seizure or sale on execution. *Walsch v. Call*, 32 Wis. 159, distinguished.

APPEAL from the Circuit Court for *Ashland* County.

The defendant *Breen* is the sheriff of Ashland county, and this action was brought to restrain him from selling

Prince vs. Hake and another.

on execution issued out of the circuit court on a judgment recovered against the plaintiff's intestate, John Mahoney, by the defendant *Hake,* certain lots of Mahoney, alleged to have been his homestead when the judgment was recovered. The action was commenced by Mahoney in his life-time. He died after issue was joined therein, and the action has been revived and continued in the name of the plaintiff, the duly-appointed and qualified administrator of his estate.

The complaint states facts showing the lots to have been the homestead of Mahoney, and that the sheriff was about to sell the same on such execution.    The answer of the defendants contains no denial of the allegations of the complaint, but alleges, by way of avoidance of Mahoney's homestead right therein, that at the time of docketing such judgment the only building upon the lots in question used as a residence was, and ever since has been, a bawdy-house,— an open and notorious house of prostitution,— used and kept as such by Mahoney, and well known to be such by him and his family; also that during all that time Mahoney sold liquors upon said lots without any license and contrary to law.

Mahoney interposed a general demurrer to the answer, and the court overruled the same.    He thereupon appealed to this court from the order overruling such demurrer.

For the appellant there was a brief by *Lamoreux & Gleason,* and oral argument by *E. F. Gleason.*    They cited *Phelps v. Rooney,* 9 Wis. 70; *Bunker v. Locke,* 15 id. 635; *Harriman v. Queen Ins. Co.* 49 id. 71; *Binzel v. Grogan,* 67 id. 147.

For the respondents there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

Lyon, J.    The complaint shows that the lots which the sheriff was about to sell by virtue of the execution constituted the homestead of Mahoney, the plaintiff's intestate,

and the answer alleges no fact which destroys the homestead right. The demurrer to the answer should therefore have been sustained. Although it is alleged in the answer that Mahoney kept a house of prostitution upon the lots and in the building claimed as his homestead, and sold liquors illegally on the same lots, still he owned the property and occupied it as his home. This exempted the property from sale on execution for his debt, no matter to what other uses he put it, or that he used it for criminal purposes, or committed crime upon it. The statute (R. S. sec. 2983) exempts from seizure or sale on execution a certain quantity of land owned and occupied by any resident of the state as a homestead. This exemption is unqualified. No exception is made against an occupant who conducts an unlawful business or commits crime upon such premises, and the courts have no authority to interpolate such an exception therein. The law provides the punishment which may be inflicted upon a person convicted of the crimes with which Mahoney is charged, but the forfeiture of his homestead right is no part of such punishment.

Counsel for defendants rely mainly upon the case of *Walsch v. Call*, 32 Wis. 159, to maintain their position that the answer states a valid defense to the action. They misapprehend the case. The rule there held is that a person engaged in an unlawful trade or business is not entitled to the exemption of $200 in value of his stock in trade therein, under R. S. sec. 2982, subd. 8. To be entitled to such exemption, it is essential that the debtor be engaged in some trade or business, and it was held that the law will not recognize a trade or business which is unlawful. In that case the business of the debtor was selling liquor, and he had no license to do so. Hence the business was prohibited by law, and it was held the debtor was in no better position to claim the exemption than he would have been in had he not been engaged in any trade or business, in which case be would not

be entitled to the exemption. In the present case the right to the exemption does not depend upon the business in which Mahoney was engaged, but upon his ownership and occupancy of the premises as his home. Surely the vilest of criminals out of prison may have a home. In *Walsch v. Call*, had the debtor been a licensed dealer in liquors, and had his right to an exemption out of his stock in trade been challenged because he permitted gambling in his saloon, or gambled therein himself, we should have a case in principle like the present case. In the circumstances supposed, we cannot doubt the court would sustain the debtor's right to the exemption there claimed.

Counsel for defendants also cite *Stanton v. Hitchcock*, 64 Mich. 316, and *Tillman v. Brown*, 64 Tex. 181. It was held in the Michigan case that the conveyance of his homestead by a husband was valid without the signature of his wife thereto, she never having resided on the premises nor in the state. The wife lived in New York, and the husband in Michigan, and the grantee in such conveyance was a woman whom he had unlawfully married in the latter state, and with whom he lived as his wife on the premises conveyed. Obviously, the case has no bearing upon the question here under consideration.

The Texas case was decided under a clause in the constitution of that state which provides that a homestead "shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family." Const. 1876, art. XVI, sec. 51; 4 Sayles, Tex. Stats. 591. It was not alleged that the debtor used the premises which he claimed as his homestead as a home, but only as the place where he exercised his calling or business, and that he was the head of a family. It was held that, if the real business or occupation in which the debtor was engaged on the premises was keeping and exhibiting gaming tables and banks for the purposes of gaming in the house (the same

being an unlawful use), the premises were not protected by the constitution from forced sale; that is to say, the premises not being used by the debtor as his home, the exemption depended upon his using the same in the exercise of a lawful calling or business.   This is precisely the rule of *Walsch v. Call, supra.*

The Texas court further says: "But notwithstanding the appellee [the debtor] was engaged in gaming, still, if his real business or calling was that of restaurant keeper, that, being a legitimate business, would entitle him to the constitutional protection."   So, in the present case, Mahoney occupied the premises as his home, which he had lawful right to do.   He was entitled, therefore, to hold the same exempt from seizure or sale on execution, notwithstanding he also used the premises for unlawful purposes, or committed crime thereon.

*By the Court.*— The order overruling the demurrer to the answer is reversed, and the cause will be remanded with direction to sustain the demurrer.