MATILDA MILLER v. JOHN MILLER.

*Exemptions—Action by wife—Instructions to jury.*

1. Where there is evidence tending to support the claim of a party litigant, the case should be submitted on his theory, as well as upon that of his opponent; citing *Wildey v. Crane*, 69 Mich. 17.

2. A husband has the right to sell or mortgage a span of horses exempt from execution under How. Stat. § 7686, subd. 8, because necessary to enable him to carry on the business in which he is wholly or principally engaged, without the consent of his wife.[1]

---

[1] For cases bearing upon the question of the right of a husband to dispose of exempt property, see:

1. *Charpentier v. Bresnahan*, 62 Mich. 360, holding that the use and disposition of the statutory exemption to a merchant of $250 in his stock is vested solely in him, and he may sell or mortgage it, or release it to an execution creditor, without the consent of his wife.

2. *Manufacturing Co. v. Cullaton*, 90 Mich. 639, holding that

3. On the abandonment by a husband of the business in which he is wholly or principally engaged, the property exempt from execution because necessary to enable him to prosecute said business loses its exempt character, and the wife has no interest in it which entitles her to maintain an action for its possession or value, and possession by the defendant is a complete defense to such an action.[1]

Error to Chippewa. (Steere, J.) Submitted on briefs June 21, 1893. Decided October 13, 1893.

Trover. Defendant brings error. Reversed. The facts are stated in the opinion.

*J. W. McMahon,* for appellant.

*Lawrence F. Bedford* (*E. S. B. Sutton,* of counsel), for plaintiff.

GRANT, J. This is an action of trover to recover the value of a pair of horses and certain household furniture which plaintiff claims was the property of her husband, and was exempt by law from execution. Plaintiff's husband was the son of the defendant. Her husband left her after they had been married about a week, and went to parts unknown. He was a farmer and a widower when he married plaintiff. The horses and other property had been

sewing-machines, though exempt from execution under How. Stat. § 7717, when owned by individuals and kept for the actual use of themselves or their families, are not covered by How. Stat. § 7686, subd. 9, which declares that any chattel mortgage or bill of sale, executed by a husband, of any of the exempt property described in said section, except subdivision 8, shall be void unless signed by the wife.

[1] For cases bearing upon the right to bring a suit for exempt property, and the form of the declaration, see:

1. *Manufacturing Co. v. Cullaton,* 90 Mich. 639, holding that How. Stat. § 6297, which authorizes a married woman to sue in her own name for exempt property, only applies where the property is taken upon some process adversary to the husband.

2. *Hutchinson v. Whitmore,* 90 Mich. 255, holding that, in trover against a sheriff for the conversion of exempt property seized on execution, the usual declaration in trover is sufficient to enable the plaintiff to show the facts essential to a recovery; the contrary doctrine, announced in *McCoy v. Brennan,* 61 Mich. 362, being regarded as *obiter.*

used by him in carrying on the farm. Plaintiff and her husband did not live upon the farm after they were married, nor did they keep house, but stopped at his brother's house. Plaintiff gave evidence tending to show that the property belonged to her husband; that he was a farmer; that the property had been used in carrying on the farm; that, when he left, the horses were in the defendant's barn, and the household goods, except a bureau and sewing-machine, were in the house on the farm which her husband had occupied; that she made a demand before suit; that defendant refused to give possession; and also to show the value of the property. Defendant gave evidence tending to show that the property was his; that he had possession by the consent of the husband; that the husband had given up farming, and therefore had no business in which to use the horses; that he had bought the horses for his son, who had not paid him for them; and that he had purchased them back from him. The court instructed the jury as to what property is exempt by law from execution, and stated the claim of the plaintiff to be that she had a right to the possession of it, and to maintain an action for it against any other party who had the possession of it, either through an execution, bill of sale, or deed of conveyance from her husband, not signed by her, or by any other proceeding not sanctioned by her, or in which she did not join with her husband. He then instructed them that, if defendant had any of this property in his possession, and plaintiff had made a demand for it, she was entitled to recover.

The only question presented by defendant's counsel is upon the correctness of the instruction as applied to the horses, and in this respect we think it was erroneous. Under the ninth subdivision of How. Stat. § 7686, the husband has the clear right to sell, mortgage, or dispose

of, in any way he chooses, the property enumerated in the eighth subdivision, without the consent of his wife.

If plaintiff's husband had abandoned the principal business in which he was engaged, the horses were not then within the exemptions of the statute, and she then had no interest in them which would entitle her to maintain an action for their possession or value. In such case possession by the defendant would be a complete defense to the action. The exemption of such property continues while the husband is moving from one place to another to carry on the same business or other business in which he is to be wholly or principally engaged, and when such property is necessary to enable him to carry it on.

Where there is evidence tending to support the claim of a party litigant, the case should be submitted on his theory, as well as upon the theory of his opponent. *Wildey v. Crane,* 69 Mich. 17.

For the failure to instruct the jury as above indicated, the judgment is reversed, and new trial ordered.

The other Justices concurred.