SPENCE, Respondent, vs. RAMBUSCH, Executrix, Appellant.

*May 7 — May 24, 1898.*

*Execution: Exemption of abstract books.*

It is a condition precedent to the exemption from execution of abstract books, maps, etc., under subd. 13, sec. 2982, R. S. 1878, that they be "kept or used" by the debtor for the purpose of making abstracts of title to land at the time of the levy. The exemption is personal to the debtor, and is abandoned and lost if, before the seizure, he absconds from the state, with intent to avoid service of process and without intent to return.

APPEAL from an order of the circuit court for Jefferson
county: JOHN R. BENNETT, Circuit Judge.  *Affirmed.*

This is an appeal from an order of the circuit court for
Jefferson county denying the motion of the defendant that
the sheriff of Dodge county be directed to deliver to her, as
executrix of the will of William T. Rambusch, deceased,
certain property taken on a writ of attachment issued against
said Rambusch in his lifetime in favor of the plaintiff, and
claimed by the defendant to have been exempt from attach-
ment.    The writ of attachment and summons were served
upon William T. Rambusch on the 12th of October, 1896,
by leaving copies thereof at his usual place of abode in
Dodge county, in the presence of the defendant, *Emily Ram-
busch,* his wife, the said William T. Rambusch not being
found; and the ground of the attachment, as stated in the
affidavit, was that William T. Rambusch had absconded
from the state, to the injury of his creditors; that he had
disposed of his property with intent to defraud his creditors;
and that he had fraudulently contracted the debt upon which
the action was brought.

The property in suit consists of books, maps, plats, and
other papers formerly kept or used by Rambusch for the
purpose of making abstracts of title to land, and its descrip-
tion brings it within the language of subd. 13, sec. 2982,
R. S. 1878, " of property exempt from execution."  The motion
was based upon an affidavit of the defendant tending to show
that the property was kept and used by Rambusch for the
purpose of making abstracts of titles to land in Dodge county;
that, subsequent to the levying of the attachment, Ram-
busch died, testate, and that she was the executrix under his
will; that she and Rambusch, her husband, had lived in the
city of Juneau, in Dodge county, continuously for twenty
years prior to his death, and their actual residence was in
that county during all said time; that the property was ex-
empt; and that the sheriff refused to deliver it up, upon
demand.    This affidavit was traversed by an affidavit of the

plaintiff, in which she denied that Rambusch was an actual resident of the state at the time that the attachment was levied, or that the property in question was kept or used by him for the purpose of making abstracts of title, and alleged that on or about October 10, 1896, he absconded from the state without intention of returning, and remained without the state until his death by his own hand, at or near Fredericksburg, Virginia, about October 18, 1896; and that, for many years prior to absconding, said Rambusch had been guilty of a great number of forgeries and fraudulent alterations of notes and mortgages upon which he had procured money to the amount of over $100,000, which he had appropriated to himself, and was unable to restore or repay, and had thereupon, to avoid criminal prosecution, fled from the state, and had thereafter taken his own life. She further alleged that no demand had ever been made by Rambusch for said property, nor had he ever claimed it as exempt.

Upon the motion, certain issues were framed by the court for trial, and evidence was introduced upon the said issues by both parties, which issues and the findings of the court thereon are as follows: "Did the original defendant, William T. Rambusch, deceased, shortly prior to the levy of the attachment herein, abscond from the state, and did he remain without the state until his death by his own hand, on the 20th day of October, 1896? He did. Were the books, plats, abstracts, and other papers and documents included in the defendant's motion for release of property from the attachment, at the time of the levy of the attachment herein, actually kept or used by William T. Rambusch, deceased, for the purpose of making abstracts of title to land? They were not. Did William T. Rambusch, deceased, the defendant in the original action, at the time of the levy of the writ of attachment herein on the 12th day of October, 1896, have an actual residence in this state, within the meaning of the exemption laws thereof? He did not. When the original defendant, William T. Rambusch, left the state of Wiscon-

sin, on the 10th day of October, 1896, did he do so with the intent of returning to the state of Wisconsin, and continuing his residence therein? He did not. When the original defendant, William T. Rambusch, left the state of Wisconsin, on the 10th day of October, 1896, did he do so with the intent of abandoning his residence in the state of Wisconsin, and permanently remaining away from the same? He did."

Upon these findings, the defendant's motion to discharge and release the attachment was denied, and from this order the defendant appeals.

*Harlow Pease,* for the appellant, argued, *inter alia,* that statutes of exemption are to be liberally construed, for the purpose of securing the debtor's family against want and distress. *Maxwell v. Reed,* 7 Wis. 582; *Connaughton v. Sands,* 32 id. 387; *Kuntz v. Kinney,* 33 id. 510; *Heath v. Keyes,* 35 id. 668; *Krueger v. Pierce,* 37 id. 269; *Russell v. Lennon,* 39 id. 570, 573; *O'Gorman v. Fink,* 57 id. 649, 651; *Hiles v. Milwaukee P. & L. Co.* 85 id. 90, 92; *Kapernick v. Louk,* 90 id. 232, 234. The benefit of those laws cannot be waived even by express terms in a warrant of attorney, and the exemption is not a mere personal privilege of the debtor. *Comstock v. Bechtel,* 63 Wis. 656.

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

Winslow, J. The facts found by the circuit judge are amply supported by the evidence. The situation then was this: Rambusch, on the 10th of October, owned and used a set of abstract books. He was an embezzler to a large amount, and discovery was imminent, and he knew it. On that day he left his home, stating that he was going to Beaver Dam, but went instead to Minnesota Junction, and took a train, and disappeared from public view, and was not heard from again by the public until the 20th day of October, when he committed suicide at Fredericksburg, Virginia. His abstract office and books were in charge of a clerk, and,

on the 12th day of October, the office was open, and the books were used by the clerk in making abstracts.   On that same day, the plaintiff, who was a creditor of Rambusch to a large amount, commenced her action, and caused the books to be attached; and the sole question is whether the books were exempt from seizure upon that day.

The statute (R. S. 1878, sec. 2982, subd. 13) provides that "all books, maps, plats and other papers, *kept or used by any person* for the purpose of making abstracts of title to land," shall be exempt from seizure or sale on execution. The sole question which we deem it necessary to consider is whether the abstract books and papers in question were "kept or used" by Mr. Rambusch on the 12th day of October, when the attachment was levied.   We think it is clear that this question must be answered in the negative. The circumstances under which he left home, on the 10th of October, render it morally certain that he had no intention of returning.   He was, beyond doubt, on the 12th of October, a fugitive from justice, and had abandoned his home and his business.   No other conclusion could be drawn from the evidence.   We are unable to see how it can be said that a person either keeps or uses property which he has deliberately left behind him under such circumstances; and it is a condition precedent to the exemption under the clause in question that the property be "kept or used" by the debtor at the time of the levy.   This is not an exemption reserved to the debtor and his family, but to the debtor alone, and only while he keeps or uses it.   It is true that the exemption laws are liberally construed, so as to effect their beneficent purpose; but it is equally true that a personal exemption of this nature may be effectually abandoned, and it has been frequently held that absconding from the state with intent to avoid service of process and all responsibility to its laws constitutes such an abandonment.   *Orr v. Box*, 22 Minn. 487; *Betz v. Brenner*, 106 Mich. 87.

*By the Court.*— Order affirmed.