SAMUEL J. CABLE v. WILLIAM HOOLIHAN.[1]

May 18, 1906.

Nos. 14,842—(64).

**Exemption of Tools.**

The exemption of tools and instruments granted by section 5459, G. S. 1894, is lost by an abandonment of the trade or occupation in connection with which they are exempted.

**Abandonment of Trade.**

On the facts stated in the opinion the exemption claimed by plaintiff respecting certain tools levied upon by defendant as sheriff *held* to have been lost by his conduct in abandoning his trade and leasing the tools to a third person for the period of two years, coupled with the right on the part of the lessee to purchase the same at any time within one year from the date of the lease.

[1] Reported in 107 N. W. 967.

Action in the district court for Itasca county to recover from defendant as sheriff of that county $947.20 for the conversion of personal property claimed by plaintiff to be exempt, which property was seized and sold by defendant under an execution upon a judgment against plaintiff. The case was tried before Spooner, J., who found in favor of plaintiff for $265, after having submitted certain questions of fact to a jury. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Alfred L. Thwing,* for appellant.

*C. L. Pratt,* for respondent.

BROWN, J.

For some years prior to May 27, 1904, plaintiff had been a butcher and meat cutter by trade, said trades being separate and distinct in nature, and was on that day possessed of and using in the exercise of his trade certain tools which were afterwards seized and sold by defendant, acting as sheriff, under an execution against him. On the claim that the tools were exempt under the provisions of section 5459, G. S. 1894, this action was brought against the sheriff for their conversion. Plaintiff had judgment, and defendant appealed from an order denying a new trial.

The only question necessary to be considered is whether the contention of plaintiff that the tools in question were exempt under the statute referred to is well taken. It is claimed by defendant that, conceding the tools to have been exempt on May 27, 1904, plaintiff lost or waived his right of exemption by abandoning the trade and occupation in which they were employed, rendering them thereafter subject to the levy and seizure on execution in favor of creditors. It appears that upon the day stated plaintiff, being then in possession of and using the tools, leased the same to a copartnership for the term of two years, with the privilege on the part of the lessees to purchase the same, at a price named, at their option within one year from the date of the lease. The lessees took possession of the tools, and a short time thereafter defendant levied upon and sold them under an execution against plaintiff. Plaintiff testified at the trial that it was his intention at the time of executing this lease to resume possession

of the tools at a future time and continue in the exercise of his trade, and that he had abandoned his trade only temporarily. The court submitted this question to a jury, the jury found that such was his intention, and the court embodied that conclusion in its findings of fact.

Notwithstanding the commendable liberality with which courts deal with exemptions and exemption rights, the claim of plaintiff in this case cannot be sustained without exceeding proper limits and establishing a doubtful precedent. The statute under which the exemption is asserted was intended for the benefit of persons actually engaged in some trade or profession in which the use of tools and instruments is necessary properly to conduct the same, and to enable them while so engaged to provide for themselves and families. It was not intended to apply to a case like that at bar, or to enable a tradesman to claim an exemption after he has quit and abandoned his occupation. We have found very few authorities bearing directly upon the question, but those to which our attention has been called are to the effect that the abandonment operates as a waiver or loss of the exemption. It is said in 18 Cyc. 1419, that the tools of a mechanic, to be exempt, must be kept for actual use in his trade. It may not be necessary that they be required for immediate use, but if he no longer uses them in carrying on his business, or if he abandons his trade, they are not exempt. The authorities sustain this view. Norris v. Hoitt, 18 N. H. 196; Willis v. Morris, 66 Tex. 628, 1 S. W. 799, 59 Am. 634; Miller v. Miller, 97 Mich. 151, 56 N. W. 348.

It is clear that the conduct of plaintiff was a complete waiver of his right of exemption. He leased his exempt tools for the period of two years, and gave the lessees the unconditional right to purchase the same within a year, thus wholly disabling himself for at least two years from resuming his trade with these particular tools, and if the lessees exercised the right to purchase the same, for all time, and engaged in another calling, that of a traveling salesman. Of course, a temporary abandonment of one's occupation will not result in a loss of the right of exemption, when coupled with an intention to resume the same as soon as circumstances will permit. Harris v. Haynes, 30 Mich. 140. But no case has been found wherein the right of exemption was sustained under facts like those at bar. Here we have a definite abandonment for two years, coupled with a conditional sale

98 M.—10

of the exempt tools. His expressed intention to resume the business can have no force in the face of these facts. He had the undoubted right to sell his tools, and, if he had done so before the levy was made by defendant, they would not have been subject to execution. But the lease and option to purchase, together with the engagement in other employment, was an abandonment of his trade, within the contemplation of the law, and a consequent loss of the right of exemption.

It was unnecessary to plead the facts showing a waiver. The case of Murphy v. Sherman, 25 Minn. 196, is not here in point. The waiver held necessary in that case to be pleaded was one arising from the acts of the plaintiff at the time of or after the levy had been made. In the case at bar no question of that kind is presented. Here the question is not, strictly speaking, one of waiver, but whether, in view of the prior acts of plaintiff, the right of exemption existed at the time the levy was made.

Our conclusion upon the facts stated is that judgment should have been directed for defendant. But the trial having been before the court, and special issues only having been submitted to a jury, the statute authorizing judgment notwithstanding a verdict does not apply. We can only grant a new trial.

Order reversed and new trial granted.