J. L. HUDSON CO. *v.* NO-NAME HAT CO.

1. EQUITY—REARGUMENT—DECREE—REOPENING CASE.
    After rendering an opinion and prior to the entry of a decree in a chancery cause, heard on pleadings and proofs, the court is justified, in order to properly determine the matters at issue, in ordering a reargument and in permitting either side to introduce further evidence, if desired.

2. EXEMPTIONS—SALES IN BULK—CONTRACTS—ASSIGNMENTS.
    The exemption of $250 in merchandise created by 3 Comp. Laws, § 10322 (5 How. Stat. [2d. Ed.] § 13025), is personal to the owner, who loses the right by absconding without making any claim of exemptions upon selling his stock in bulk, in violation of provisions of the "sales in bulk" law, Act No. 223, Pub. Acts 1905 (2 How. Stat. [2d Ed.] § 2612 *et seq.*), and unless previously claimed by the debtor or some one authorized by him the amount of such exemption does not pass to the purchaser as against a garnishing creditor.

Appeal from Wayne; Hosmer, J. Submitted November 18, 1912. (Docket No. 52.) Decided March 20, 1913.

Bill by J. L. Hudson Company against the No-Name Hat Company and others for an injunction restraining certain actions at law and other relief. From a decree for defendants, complainant appeals. Affirmed.

*Sloman & Sloman*, for complainant.

*Anderson, Rackham & Wilcox* and *Campbell & Dewey*, for defendants.

Kuhn, J. Complainant bought a stock of goods, consisting of hats and caps, from one Michael F. Tynan for the sum of $492.03, cash, which was paid said Tynan at the time of the purchase. Neither complainant nor Tynan observed the provisions of Act No. 223, Pub. Acts 1905, known as the bulk sales law. The defendants No-Name Hat Company and Newland Hat Company, creditors of said Tynan, one with a claim of $372.04, and the other with a claim of $76.75, brought proceedings by attachment in the justice's court for the city of Detroit, and caused the complainant to be garnished on the 30th day of June, 1909, and on the 7th day of October, 1909, respectively.

At the time of the bringing of these attachment suits Tynan had absconded, and his whereabouts were unknown. Complainant thereupon filed its bill of complaint in the Wayne circuit court, in chancery, setting up, substantially, the facts of the purchase, the consideration paid, the value of the goods, the bringing of the garnishment proceedings, the threatened bringing of like proceedings by others, the advice of counsel in relation to its liability, the likelihood of different judgments as to the value, in consequence of which plaintiff would be compelled to pay more than the goods were worth, and prayed that the garnishment suits might be restrained; that the court might inquire into the circumstances of the said purchase; and that, if complainant was liable, it might determine the extent of such liability and the value of the goods, the claims of the respective creditors, and the order of payment. It

asks that all other creditors might, as soon as ascertained, be made parties thereto, so that the determination of the court in these proceedings as to the amounts and extent of complainant's liability, if any, would relieve it from further prosecution, garnishment, and other proceedings, and also asks for general relief.

The defendant No-Name Hat Company filed an answer and cross-bill, and the defendant Newland Hat Company filed an answer. No other creditors intervened. The cause was heard on pleadings and proofs, and at the close the court announced his discision, and a decree was prepared by complainant and O. K.'d by the solicitors of the defendant No-Name Hat Company. Before the decree was signed, a motion was made on behalf of the Newland Hat Company for a reargument, setting up that the exemptions which were allowed in the court's opinion were not claimed by complainants in its pleadings; and that it was entitled to be heard on this point and to introduce testimony thereon. This motion was duly noticed and brought on for hearing, and the court entered the following order:

"It appearing to the court that justice requires that further testimony be taken in this cause and a reargument had, it is ordered that said cause be and the same is set down for further hearing on the 2d day of January, A. D. 1912, and any party is permitted to introduce such further testimony or evidence as may be desired."

On the day set for the further hearing, the court also made the following statement:

"In order that I may answer the suggestions of counsel at the present time, I would say that after I announced a decision in this case, on the motion of Messrs. Campbell & Dewey, I became convinced that, perhaps, I had committed error, and I therefore have declined to settle a decree along the lines of the decision as announced, and have opened the case for further testimony, it seems to me in the furtherance of justice."

It was urged by counsel for complainant at the hearing, and it is also insisted here, that the court was not authoriz-

ed to grant permission for a reargument and to take further testimony, and in support of this contention the case of *Wendell* v. *Highstone*, 52 Mich. 552 (18 N. W. 354), is relied upon.

We do not think that the holding in that case can be construed to mean that, in a chancery case, before a decree is made, and the judge becomes satisfied that, in the futherance of justice, and in order to properly determine the cause, it is necessary to hear further argument and to take further testimony, he would have no right to do so. In the instant case it clearly appears that the learned judge came to the conclusion that he had an improper conception of the law and the facts, and desired additional light; and we are of the opinion that he not only had the right to proceed as he did, but that it was clearly his duty so to do.

In the final decree the court determined that the complainant had no right to any exemptions in the property which it purchased from Tynan. The second question raised on this appeal is: Was the court in error in refusing to allow the Hudson Company the benefit of Tynan's exemption? It appearing conclusively that Tynan had absconded, it follows that he forfeited his right to exemption in the property. *Miller* v. *Miller*, 97 Mich. 151 (56 N. W. 348); *Betz* v. *Brenner*, 106 Mich. 87 (63 N. W. 970).

The case of *Eagle* v. *Smylie*, 126 Mich. 612 (85 N. W. 1111, 86 Am. St. Rep. 562), is cited in support of the proposition that goods to the amount of $250 were not subject to attack after having been sold by Tynan to Hudson. In that case the question involved was the homestead exemption, and this court held that it was an absolute right, and not a mere privilege personal to the owner. The statute which gives the right of exemption of personal property, such as is involved in this litigation, is subdivision 8, § 10322, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13025):

"The tools, implements, materials, stock, apparatus,

team, vehicle, horses, harness or other things, to enable
any person to carry on the profession, trade, occupation
or business in which he is wholly or principally engaged,
not exceeding in value two hundred and fifty dollars."

In the case of *Seitz* v. *Starks*, 136 Mich. 90 (98 N. W.
852), which was a garnishment case, it was held that:

"The further point is made that nearly the entire
amount of property sold was exempt property, and the
proceeds were not subject to garnishment. *Wilson* v.
*Bartholomew*, 45 Mich. 41 (7 N. W. 227); *Anderson* v.
*Odell*, 51 Mich. 492 (16 N. W. 870); *Cullen* v. *Harris*,
111 Mich. 20 (69 N. W. 78, 66 Am. St. Rep. 380). We
think this point is personal to the debtors or their privies,
and understand that they are not in a position to raise it,
having neither made the claim below nor appearing here
as parties by any proper proceeding. These defendants
cannot raise it."

The right to set off $250 worth of stock in trade is not
an absolute right, such as the homestead exemption gives,
but is a purely personal privilege of the merchant, which he
must exercise at the time of the levy. The word "privies,"
as used in the opinion, *supra*, can only refer to the repre-
sentative or person designated and authorized by the
debtor to exercise this right. In the instant case, under
no theory can it be said that the complainant obtained any
right to the exemption which Tynan might have claimed
if he had been present and in possession of the property at
the time of the levy.

The court also determined in its decree:

"That the reasonable value of the merchandise pur-
chased by complainant, as set forth in the said bill of
complaint, is the sum of seven hundred twenty-five and
no / 100 ($725.00) dollars; * * * that the sum of
sixty and no / 100 ($60.00) dollars as the sum paid by
complainant in settlement of the G. H. Gates & Co.
claim, shall be deducted from said valuation of seven hun-
dred twenty-five and no / 100 ($725.00) dollars, leaving a
fund of six hundred sixty-five and no / 100 ($665.00) dol-
lars for an accounting; that No-Name Hat Company, de-
fendant and cross-complainant herein, has a prior claim

on said fund as against all other creditors of Michael F. Tynan; that said, the J. L. Hudson Company, complainant herein, pay to said No-Name Hat Company the sum of four hundred twenty-two and 24/100 ($422.24) dollars, comprising principal and interest, with costs to be taxed, in full settlement of said claim against Michael F. Tynan and the complainant; that the J. L. Hudson Company, complainant, pay to Newland Hat Company, defendant, the sum of eigthty-nine and 01/100 ($89.01) dollars, with costs to be taxed, in full settlement of said Newland Hat Company's claim against Michael F. Tynan and complainant."

An examination of the record satisfies us that the value of the goods was clearly in excess of the amount which the complainant must account for under this decree, and complainant has, therefore, no reason to complain of this determination of the court.

The decree of the court below is affirmed, with costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.