HETTINGER, Respondent, vs. WELLS, Appellant.

*November 20—December 7, 1915.*

*Execution: Exemptions: Stock in trade.*

1. The exemption under sub. (8), sec. 2982, Stats., of $200 in value of the stock in trade of any merchant, does not extend to cases where the stock is not actually used or kept for the purpose of carrying on the business in which he has been engaged.

2. The stock in trade of a retail liquor dealer who had failed to renew his license because of an increased license fee, and who had endeavored to sell such stock in bulk and in fact had sold some of it, was not used or kept for the purpose of carrying on the business of saloon-keeping, even though he intended to resume that business as soon as he was able to find some other suitable location.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Reversed.*

The defendant was a constable and this action was brought against him to recover the value of certain goods seized by him on execution, on the ground that the goods levied upon and sold were exempt property.

The plaintiff was a retail liquor dealer in the city of Tomah prior to July 1, 1914. He did not renew his license at that time because the license fee had been raised to $800, which he felt was more than he could afford to pay. When his license expired he had on hand in stock of the trade goods and fixtures of the value of $75. Plaintiff contemplated and it was his intention to resume the saloon business as soon as he was able to find some other suitable location. After July 1, 1914, and up to the time of the seizure the plaintiff kept the goods in question at his former place of business and did not offer them for sale as a saloon-keeper. From July 1, 1914, to the date of the seizure of the goods plaintiff made repeated efforts to sell them in bulk to various people and had disposed of a portion thereof prior to said seizure. The foregoing is an epitome of the facts found by the court, about which there is no substantial dispute. As a conclusion of law the court found that the goods were exempt property not liable to seizure and sale on execution and that plaintiff was entitled to recover the value thereof. From a judgment entered in plaintiff's favor defendant appeals.

For the appellant there was a brief by *Naylor & McCaul,* and oral argument by *W. R. McCaul.*

For the respondent there was a brief by *Donovan & Gleiss,* and oral argument by *Timothy J. Donovan.*

BARNES, J. By sub. (8) of sec. 2982, Stats., the tools, implements, and stock in trade of any merchant, used or kept for the purpose of carrying on his trade or business, are

exempt from sale on execution to an amount not exceeding $200 in value.

This exemption does not extend to cases where the stock in trade is not actually used or kept for the purpose of carrying on the business in which the party has been engaged. *Kennedy v. Baker,* 3 Pin. 295; *Spence v. Rambusch,* 99 Wis. 676, 75 N. W. 950; *Prince v. Hake,* 75 Wis. 638, 640, 44 N. W. 825. Some authorities hold that the right to the exemption is not lost by a mere temporary suspension of the business, provided the intention exists to return to it within a reasonable time and as soon as there is an opportunity to do so. *Van Lue v. Wahrlich-Cornett Co.* 12 Cal. App. 749, 108 Pac. 717; *Harris v. Haynes,* 30 Mich. 140.

The court here finds that there was an intention to resume the business of retail liquor dealer, but also finds that after his license expired the plaintiff was offering and endeavoring to sell his stock in bulk and in fact had sold some of it. This would seem to efficiently negative the contention that these goods were used or kept for the purpose of carrying on the business of saloon-keeping. Plaintiff could not "keep his cake" and eat it at the same time. The case is ruled by *Walsch v. Call,* 32 Wis. 159. There is no substantial difference between the facts in that case and those established in the instant case. See, also, *Cable v. Hoolihan,* 98 Minn. 143, 107 N. W. 967.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.