## ANTONINO GARCIA *v.* H. ICHIKAWA.

### No. 2384.

SUBMITTED DECEMBER 27, 1938.          DECIDED JANUARY 24, 1939.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

On March 23, 1938, Antonino Garcia recovered judgment against the defendant H. Ichikawa in the district court of Waimea, County of Kauai, in the sum of $428.70 on which an execution issued. Said execution was levied by the sheriff on March 26, 1938, on certain barber's tools and implements belonging to the defendant. The defendant moved the district magistrate to quash said levy of execu-

tion on the ground that said tools and implements were exempt from execution and attachment under the provisions of the Revised Laws of Hawaii, 1935. After a hearing the district magistrate entered an order quashing and setting aside the levy and directed the return of the property to the defendant. The plaintiff appealed from said order to the circuit court of the fifth circuit where, after a hearing, a decision and order was filed by the circuit judge quashing the said levy and the plaintiff comes to this court on exceptions.

The exceptions contained in the bill are twelve in number but the plaintiff has waived seven of the exceptions and relies upon the remaining five. These five exceptions may be considered in two groups. The first group relates to the overruling of objections to evidence of the defendant in response to questions eliciting from him a statement of his intention to resume his calling as a barber. The other group of exceptions challenges the correctness of the ruling of the circuit judge to the effect that the renting of said tools and equipment by the defendant with no definite term did not constitute an abandonment of his calling as a barber so as to render said tools liable to execution..

There is no contention that the tools and implements involved do not come within the class exempt under section 4161, which provides *inter alia*: "The following described personal property shall be exempt from attachment, execution, distress and forced sale of every nature and description: * * * The tools or implements of a mechanic or artisan necessary to enable him to carry on his trade." The contention of the plaintiff is that the defendant, by renting his barbershop, together with the tools and implements, to another for an indefinite period, thereby abandoned his calling as a barber and subjected his tools and implements to liability for his debts. It is not necessary that the property should be in use at the time of levy thereon to entitle

it to exemption. If a mechanic or artisan ceases to carry on his trade without any intention to engage in it again within a reasonable time his tools and equipment though exempt while used by him immediately become subject to execution. If, however, his suspension of work at his trade is temporary, i.e., if he intends within a reasonable time to resume his trade, his tools and implements remain exempt from execution. The question of defendant's intention, therefore, was a vital inquiry. The settled rule seems to be that whenever the motive, intention or belief of a person is relevant to the issue it is competent for such person to testify directly upon that point whether he is a party to the suit or not. (Jones, Evidence [3d ed.], § 170, p. 222; Wigmore, Evidence [2d ed.], § 581, p. 1017; 3 Nichols, Applied Evidence, § 13, p. 2616; 7 Enc., Evidence, p. 596; *Pease* v. *Price,* 101 Iowa 57, 69 N. W. 1120; *Cable* v. *Hoolihan,* 98 Minn. 143, 107 N. W. 967, 116 Am. St. Rep. 348.) The evidence complained of in the exceptions was no more than a statement by the defendant as to whether or not he, at the time of the levy of said execution, intended at some future time to resume his calling as a barber and the authorities all agree that he was entitled to testify on that point. His credibility and the weight to be given to his direct statement on that issue must be determined by the trier of the facts, in this case the trial court. Such testimony is admissible no matter how inconclusive, unsatisfactory or inconsistent it may be as such characteristics affect only its weight. (*Mahon* v. *Rankin,* 54 Ore. 328, 102 Pac. 608.)

A further statement of the facts of this case is necessary to the consideration of the remaining exceptions. The only question raised by these exceptions is whether or not the evidence justified the finding that the defendant had not abandoned his calling. It is undisputed that the defendant was a barber and had been for a period of fifteen or sixteen years; that he was the owner of the tools and

equipment levied upon and had, up to about two weeks prior to the levy, been personally using them in his work; that on the 12th day of March, 1938, he rented the same to one Ota for an indefinite period. There was no written agreement between the defendant and Ota and the undisputed evidence is that no duration of the term of rental was fixed by the oral agreement and both the defendant and Ota understood that the defendant could terminate the agreement at any time. It further appears from the evidence that the defendant had just moved into a new home which required his attention for some time to get it into proper shape for living and that after he rented his barbershop tools and equipment to Ota he devoted his time to that end and while he was so engaged the execution was levied.

The rule adopted by practically all of the courts, and which we find to be the correct rule, is that exemption statutes such as we have are to be liberally construed so as to effectuate their beneficent purposes. As stated in section 4, page 492, 11 R. C. L., "while it has sometimes been stated that, as at common law all property was liable to seizure for the payment of the debts of its owner, a statute creating an exemption should be strictly construed, the better and almost universal rule is that such statutes should receive a liberal construction in favor of the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public." See also *Hills* v. *Joseph,* 229 Fed. 865 (9th C. C. A.), where it is said: "The rule of construction applicable to exemption statutes is the most liberal known to the law." In *Caswell* v. *Keith,* 12 Gray's (Mass.) 351, a tinsmith had given to another an agreement of sale of his tools and engaged in another business. The artisan was permitted to show that the agreement of sale was in-

tended as a mortgage, that the diversion from the prosecution of his trade was temporary and that he intended at some future date to resume his trade. Applying the liberal rule of construction, the court sustained a verdict finding the tools to be exempt.

Much longer suspension of the prosecution of a trade or calling has been held to fall short of showing an intention to abandon the calling which gave exemption to the property. In *Pease* v. *Price, supra*, at the time of the levy the debtor had not been engaged in his occupation of farmer for nearly a year, had moved to town and was employed as a barkeeper in a saloon and had advertised some of his property for sale, yet the court held that this did not show an abandonment of his calling as farmer. In *Van Lue* v. *Wahrlich-Cornett Co.*, 12 Cal. App. 749, 108 Pac. 717, the defendant had not been engaged in farming for a period of eighteen months prior to the levy and during that period had earned his living by teaming. In order for the property involved in that case to be exempt it must be property owned for the purpose of carrying on the calling of a farmer but the court, in giving the plaintiff the benefit of every reasonable inference and construction deductible from the evidence, concluded that he in good faith intended to resume farming and therefore held the property levied upon exempt from execution. (See also *Harris* v. *Haynes*, 30 Mich. 140; *State Ex Rel. McKee* v. *McNeill*, 58 Wash. 47, 137 Am. St. Rep. 1038.)

The only case cited by the plaintiff in support of his contention that the renting of said tools and equipment constituted a waiver or loss of the exemption claimed by the defendant is *Cable* v. *Hoolihan, supra*. In that case the debtor was a butcher and meat cutter by trade and was the owner of and had been using certain tools necessary to carry on his trade. Just prior to the levy of an execution upon said tools he leased the same to a copartnership for a

term of two years with an option to purchase the same, at a price named, within one year from the date of the lease and he engaged in another calling, that of a traveling salesman. The lessee took possession of the tools shortly before the levy of the execution. The debtor testified that it was his intention at the time of the execution of the lease to resume possession of the tools at a future time and continue in the exercise of his trade and that he had abandoned his trade only temporarily. The court, however, found that the nature of the transaction between the debtor and the lessee of his tools was inconsistent with that intention and conclusively showed an abandonment of his trade. That is very different from the situation confronting us, however. Here the artisan, like the artisan in *Cable* v. *Hoolihan, supra,* had rented his tools and equipment to another but unlike the artisan in that case, the artisan in this case had not engaged in another calling and he had the power to resume possession of his property at any time. The defendant has testified that he had no other means of making a living and that it was his intention to resume possession of his tools and equipment and again engage in his regular calling. The plaintiff relied entirely upon the fact that the defendant had rented his barbershop tools and equipment to another on a month-to-month tenancy with no definite term to show that the defendant had abandoned his trade or calling. Those facts are not, in our opinion, sufficiently inconsistent with the defendant's statement of his intention to resume possession of his tools and equipment and again engage in his regular calling to justify this court in overriding the finding of the trial court that the renting of said property was temporary and that the defendant had no intention of abandoning his calling as a barber. Without overriding the findings of fact made by the trial judge it is clear that the conclusion that said property was still exempt from execution must stand.

The only other exception presented is to the taxation of costs of the appeal against the plaintiff. The correctness of the bill of costs which was taxed against the plaintiff was admitted by counsel for the plaintiff by written endorsement on the defendant's bill of costs and since the defendant prevailed on the plaintiff's appeal to the circuit court we see no reason why the costs should not be taxed against the plaintiff.

All of the exceptions being found without merit, the same are overruled.

*W. C. Achi* and *E. K. Aiu* for plaintiff.

*P. L. Rice* and *J. E. Parks* for defendant.