fective condition of the engine arose after Donahue's and Connors' crew took it that evening. If the jury should find that the engine was in good condition when Donahue and the plaintiff began work with it at 7 p. m., that would have a material and decisive bearing upon the question of negligence on the part of the receiver. It would hardly be reasonable to suppose, if the engine had been in good condition all day until turned over to the plaintiff's crew, that the receiver could have had notice of its bad condition on that evening, so as to put him in fault for not repairing. This phase of the case was in no manner submitted to the jury by the general charge, and we think it was error for the court to refuse this instruction. Judgment is reversed, and the case remanded, with instructions to grant a new trial.

In re BEAN.

(District Court, D. Vermont. February 22, 1900.)

No. 221.

1. BANKRUPTCY—EXEMPTIONS—PENSION MONEY.

Money received from the United States as a pension, and remaining unchanged in the pensioner's hands at the time of filing his petition in bankruptcy, is exempt from liability for his debts under Rev. St. U. S. § 4747, and does not pass to his trustee in bankruptcy as assets of his estate.

2. SAME—SCHEDULE OF ASSETS—AMENDMENT.

Money received from the United States as a pension, and remaining in the pensioner's hands at the time of filing his petition in bankruptcy, should be listed in his schedule of assets under the heading of "cash on hand," with a statement that he claims it as exempt. If omitted without fraudulent intent, the bankrupt may be allowed to insert it by amendment.

3. SAME—PAYMENT OF FEES BY VOLUNTARY BANKRUPT.

The liability of a voluntary bankrupt to pay the fees required by Bankr. Act 1898, § 51, cl. 2, does not depend upon his having property which is not exempt, but he is excused from such payment only in case of absolute inability. He may be ordered to pay such fees out of pension money remaining in his hands at the time of filing the petition.

4. SAME—HOMESTEAD EXEMPTION.

Where a bankrupt claims property as a homestead, and proceedings are taken before the referee to subject it to the payment of a prior debt, the bankrupt should be allowed an opportunity to set up the statute of limitations against such debt.

In Bankruptcy. On review of order of referee in bankruptcy.

H. A. Farmer, for bankrupt.
W. H. Taylor, trustee in bankruptcy, pro se.

WHEELER, District Judge. The bankrupt's pension money, in his hands at the time of filing his petition as it was received, and not loaned or invested, or changed in its nature, would seem to be exempt, under section 4747, Rev. St. U. S., which not only exempts it in transmission, but provides that "it shall inure wholly to the benefit of such pensioner." This excludes all others while it re-

mains pension money in the pensioner's hands. In Martin v. Hurlburt, 60 Vt. 364, 14 Atl. 649, the pension money had been changed in nature by investment into a savings bank deposit; not for safekeeping, but to earn dividends. The pensioner there did not have the pension money, but the savings bank deposit, on hand. This money should not, therefore, be ordered to the trustee. It should, however, have been put into the schedule as money on hand, with a statement of the exemption. On the report of absence of fraud in the omission, the referee may properly, apparently, allow an amendment inserting it. And it may be subject to an order for payment of the statutory fees, which are primarily for services for the benefit of the bankrupt, and do not depend upon property not exempt, but upon absolute inability.

The house and land whereon the bankrupt lives seems to be a homestead proper; the separate parcel not. The homestead is not liable to a prior debt except as it might go into judgment against him, where he could plead the statute of limitations or other defense. He is entitled here to contest the claims as against his homestead upon that ground, and the trustee should afford him an opportunity to do so before the referee before proceedings against the homestead for satisfying such prior claim. Order modified accordingly.

---

## In re BATES.

### (District Court, D. Vermont. February 15, 1900.)

1. **BANKRUPTCY—PROVABLE DEBTS—EFFECT OF INSOLVENCY PROCEEDINGS.**

   Where proceedings in insolvency against a partnership and the individuals composing it were begun in a state court before the passage of the bankruptcy act, and remained pending at the time one of the partners was individually adjudged bankrupt, but no discharge had been granted or applied for under the state law, *held*, that a debt of the partnership was provable in the bankruptcy proceedings, notwithstanding the fact that it had been proved and allowed in the insolvency proceeding, and that there were assets of the firm for distribution in the state court; but such debt could not share in the individual assets of the bankrupt until his separate creditors had been paid.

2. **SAME—PARTNERSHIP DEBTS.**

   A partnership debt on which a bankrupt partner remains liable is none the less provable against his estate because there may be no surplus of his individual assets over his separate debts. The provability of a debt depends on the nature of the liability, not on the existence or the prospect of assets for its satisfaction.

In Bankruptcy. On review of decision of referee in bankruptcy on allowance of claims.

Fred M. Butler, for trustee in bankruptcy.
Charles L. Howe, creditor, pro se.

WHEELER, District Judge. The bankrupt appears to have been a member of the firm of A. C. Bates & Son, which was adjudged