## In re JONES.

### (District Court, D. Maine. January 12, 1909.)

### No. 6,858.

BANKRUPTCY (§ 396*) — EXEMPTIONS — PENSION MONEY — "INURE WHOLLY TO THE BENEFIT OF THE PENSIONER."

Rev. St. § 4747 (U. S. Comp. St. 1901, p. 3279), provides that no money due to any pensioner shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in the course of transmission to the pensioner entitled thereto, but shall "inure wholly to the benefit of such pensioner." *Held*, that the words quoted meant only that the pension funds should be protected until they had come safely into the hands of the pensioner, after which they were liable for his debts; and hence pension money, in the hands of a bankrupt at the time of the adjudication, neither invested nor mingled with other funds, was not exempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 657; Dec. Dig. § 396.*]

In Bankruptcy.

Harry L. Crabtree, for bankrupt.

B. T. Sowle, for creditor.

HALE, District Judge. This case comes before me on the report of William E. Whiting, Esq., referee in bankruptcy. The bankrupt claims $65, a balance of money received by him from the United States government on a pension check. The amended schedule shows this to be the only cash in possession of the bankrupt at the time of filing his petition. This money does not appear to have been invested or deposited in a bank; and the question is presented whether moneys which had been received by a bankrupt from a pension check, before filing his petition, are exempt under section 4747 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 3279), even though such moneys had not been invested or mingled with other funds. Section 4747, Rev. St. U. S., reads as follows:

"No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy, or seizure by or under any legal or equitable process

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner."

In this statute the clear intention of Congress is to make certain that the pensioner shall receive his pension money; that he shall not be deprived of it by the Pension Office, by any officers, agents, or attorneys, or by any other means, while it is on the way to him. The law is dealing "with money due or to become due" to the pensioner, and not with money which has been collected by him. After money has been received by the pensioner, it has "inured to his benefit"; and it is not, I think, the intention of Congress to build a wall about it, and prevent its natural and legitimate use for paying the pensioner's debts.

I am aware that I am taking a view of the question contrary to that taken some years ago, in the Vermont district, in the Bean Case, 100 Fed. 262; but it seems clear to me that Judge Wheeler allowed the words "inure wholly to the benefit of the pensioner" to have a broader application than was intended by Congress. I do not think that, by the use of those words, Congress undertook to protect and exempt the pension money after the pensioner had it safe in his hands. This federal statute has received a clear and well-considered interpretation by the court of Maine. Friend v. Garcelon, 77 Me. 25, 52 Am. Rep. 739; Crane v. Linneus, 77 Me. 59. In the cases last cited, the reasoning of Mr. Chief Justice Peters and of Mr. Justice Emery is convincing.

After a careful examination of the subject, I am of the opinion that when, under the protection of the law, the pension money has come safely into the hands of the pensioner, it is not entitled to any further protection or exemption.

The order of the referee is affirmed.