## In re MASON.

(District Court, S. D. Alabama, S. D. August 6, 1910.)

BANKRUPTCY (§ 475*)—VOLUNTARY PROCEEDINGS—PAYMENT OF FEES.

On presentation of a petition and schedules in voluntary bankruptcy, together with an affidavit in compliance with Bankr. Act July 1, 1898, c. 541, § 51a (2), 30 Stat. 558 (U. S. Comp. St. 1901, p. 3441), that the petitioner is without and cannot obtain the money to pay the fees of the clerk, referee, and trustee, it is the duty of the clerk to file the papers and proceed without such payment, but any money shown by the schedules in the possession or under the control of the petitioner is subject to an order for the payment of such fees, regardless of state exemption laws.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 885; Dec. Dig. § 475.*]

In Bankruptcy. In the matter of Alexander Mason, petitioner in bankruptcy. Order for filing of petition by clerk.

On submission, by agreement of the clerk and attorney for petitioner to the court, of the question as to whether the clerk should file a petition in bankruptcy, when pauper's oath is made and proposed bankrupt is shown to have assets with which to pay the costs.

F. K. Hale, Jr., for petitioner.

Richard Jones, pro se.

TOULMIN, District Judge. Clause 2 of section 51 of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 558 [U. S. Comp. St. 1901, p. 3441]), provides that clerks of the court shall collect the fees of the clerk, referee, and trustee in each case instituted before filing the petition, except the petition of a proposed voluntary bankrupt which is accompanied by an affidavit stating that the petitioner is without, and cannot obtain, the money with which to pay such fees.

In Re Hines (D. C.) 117 Fed. 790, it is said:

"A fair construction of the above language indicates that it was the intention to allow voluntary bankrupts to file their petition without the payment in advance of the fees therefor only in case they did not have, and could not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

obtain, the money with which to pay such fees. In other words, if the bankrupt was absolutely without money or effects of any kind, but was able to borrow from his friends money with which to pay the court costs, he could not properly make the affidavit required in this case, and it would be his duty to pay the fees."

The court further said that:

"Exemptions allowed by the statute were not intended to cover exonerations from the payment of the fees provided for the court officers by that act."

See, also, In re Collier (D. C.) 93 Fed. 191, 192.

I concur in the views of the courts expressed in the foregoing quotations from the cases cited, except that in Re Hines, supra, where the court in effect declares that, if the bankrupt was able to borrow from his friends money with which to pay the court costs, he could not properly make the affidavit required, and it would be his duty to pay the fees. I think the rule announced by Judge McCormick in Sellers v. Bell, 94 Fed. 801, 36 C. C. A. 502, which in substance is that a proposed voluntary bankrupt, who has not money enough to pay the filing fees, is not required to solicit loans from his friends for that purpose, is more reasonable and just. He says that such a requirement "would inflict a humiliation on any citizen to require that he solicit or accept alms of his kindred or friends." Moreover, it would raise an issue not contemplated by the bankrupt act, and which would be embarrassing and difficult to determine. I do not think that the case of Sellers v. Bell, supra, can justly be considered as in conflict with the views expressed by the courts in the opinions from which I have quoted. That case arose on the opposition of creditors to the granting to said Bell of a discharge from his debts, etc., and assigned many grounds for same. Among others, that said Bell swore falsely when he made the pauper's oath swearing that he did not have, and could not obtain, the money to pay the costs and fees. The ground alleged is not one provided for by the bankrupt act for defeating a discharge. The only comment of the court on this alleged ground is that "it (the bankruptcy act) does not require that he (the bankrupt) should apply to his kindred or friends to furnish him the money at the peril of being * * * convicted of making a false oath should he tender the statutory affidavit, and having his prayer for a discharge refused on that ground," which implied that the particular ground assigned was not one provided by the bankrupt act for refusing a discharge. The bankrupt had in his schedule reported personal wearing apparel $100, which he claimed as exempt from levy and sale under execution, etc., under the Alabama Code. While there was no claim in the case that this exempt property should be sold for the payment of the fees of the clerk, referee, and trustee, and no question presented in reference to the same, and hence was not an issue in the case, the judge incidentally suggests that:

"The whole purview of the act is opposed to the thought that the fees of the clerk, referee, and trustee are made, or in any event are to become, a charge on the personal earnings of the bankrupt accruing after he is adjudged to be a bankrupt, or a charge on the exempt property."

But, if this statement were considered as a material part of the decision in the case, then it must be considered in view of the facts in the case. There was no effort to charge future "personal earnings" of the bankrupt, or to charge any money with the payment of the fees. The effort was to prevent the discharge of the bankrupt because he had made an affidavit that he had no money with which to pay the fees when his schedule showed he had personal wearing apparel worth $100, and which was specifically exempt from the payment of debts contracted by the law of Alabama.

The fees provided by the law to be paid the clerk, referee, and trustee are not debts contracted, but (as said by the court in Re Bean, 100 Fed. 262) "are presumably for services for the benefit of the bankrupt and do not depend upon property not exempt, but upon absolute inability." It has been said that a refusal to file a voluntary petition in bankruptcy until the fees are paid is no more defensible than would be a refusal to discharge a bankrupt for the same reason.

In Sellers v. Bell, supra, the judge said:

"Upon the presentation of his petition and schedules, accompanied by the affidavit in the terms of the statute, the clerk has no option as to filing the petition and taking the action thereon prescribed by the law."

In this I fully concur. Money belonging to the petitioner, either in his hands or otherwise held subject to his order, is, in my opinion, subject to an order for the payment of the statutory fees provided for in the bankruptcy act. From the schedule offered with the petition it appears that the petitioner has $32. This fact is at variance with his affidavit.

His petition should be filed; and an order would be proper requiring the money, shown to belong to the petitioner, to be paid into court, from which the fees and costs may be paid. Any surplus remaining of course belongs to the petitioner.