## In re MEDEARIS.

(District Court, W. D. Texas, San Antonio Division. July 28, 1923.)

No. 910.

1. **Bankruptcy ⟵228—Findings and report of referee as to affidavit on petition in forma pauperis have standing of those of master.**

   Under rule 28 (3) of the rules in bankruptcy of the western district of Texas, authorizing a referee to examine and report as to the truth or falsity of the affidavit accompanying a voluntary petition filed in forma pauperis, his findings and report have the standing and effect of those of a special master.

2. **Bankruptcy ⟵475—Bankrupt may be required to pay fees from exempt property.**

   Under General Rules in Bankruptcy, No. 35 (4) (89 Fed. xiv), a bankrupt who has filed a voluntary petition in forma pauperis may be required to pay the fees of the clerk, referee, and trustee from property which is exempt under the laws of the state.

In Bankruptcy. In the matter of Jim Medearis, bankrupt. On report of referee and motion by bankrupt for adjudication. Report confirmed, and bankrupt ordered to pay fees.

Cofer & Cofer, of Austin, Tex., for bankrupt.

WEST, District Judge. This is a voluntary petition accompanied by an affidavit in forma pauperis under subdivision 2, § 51, of the act (Comp. St. § 9635). Paragraph 3 of rule 28 governing bankruptcy procedure in this court provides:

"In case a petition is filed by a proposed voluntary bankrupt which is accompanied by an affidavit under subdivision 2 of section 51 of the act, it shall be the duty of the clerk to file said petition without the payment of the fees provided for by law. If the clerk, or the referee to whom said petition is referred, has reason to believe such affidavit is false, he may file a certificate to that effect and cause the bankrupt to be examined. If upon such examination the referee reports in writing that the statements contained in such affidavit are false, and that the bankrupt has and can obtain money with which to pay said fees, such report shall be sufficient proof upon which to base proceedings under subdivision 4 of General Order No. 35."

The clerk filed the petition without the payment of the fees provided by law and in the absence of the judge referred the petition to the referee. The referee, having reasons to believe the affidavit to be false, filed his certificate to that effect and caused the bankrupt to be examined, thereafter making his written report to the court that the statements contained in the affidavit were false, and that the bankrupt has and can obtain money with which to pay the fees. The bankrupt moved for an adjudication notwithstanding.

[1] The submission is on the petition and schedules, the testimony taken by the referee, his report, and certificate. The local court rule, supra, in effect confers powers on a referee analogous to those of the special master. His findings upon an examination of the bankrupt after notice and hearing, and his report to the court, have standing equivalent to a report of a special master in like circumstances. The bankrupt's motion to adjudicate notwithstanding the certificate and

report embody in effect exceptions to the findings of law and fact of the special master, presenting issues as to whether or not the report should be confirmed, modified, or set aside.

[2] The referee finds as a matter of law that the amount of filing fees, $30, may be deducted from the property which is declared to be exempt from execution under the Constitution and laws of this state, citing In re Hines (D. C.) 117 Fed. 790, and In re Mason (D. C.) 181 Fed. 899. In both these cases the court ordered that the payment of filing fees should be made from exempted cash, moneys shown by the bankrupt's schedule to be on hand. Judge Toulmin, in the latter case, discussed the effect of Judge McCormick's opinion in Sellers v. Bell, 94 Fed. 801, 36 C. C. A. 502, and clearly shows that Judge McCormick's incidental suggestion, to the effect that the filing fees of the clerk, referee, and trustee were not intended by the Bankruptcy Act (Comp. St. §§ 9585–9656) to be made or to become a charge on exempt property, was an expression wholly outside the issues presented in that case, and consequently not to be taken as authority on the point; though in the Mason and Hines Cases, supra, and also In re Latham (D. C.) 271 Fed. 538, 46 Am. Bankr. Rep. 581, the exempt property was "money" in hand.

The principle declared being of general application would embrace all exempted property; the decisions being limited to voluntary petitions.

The schedules show, and the referee finds, that all of the property listed is incumbered, except a milk cow of the value of $75, and that all property claimed to be exempt has a valuation of $11,335, and that the total debts, secured and unsecured, appear to be $9,319.58.

It thus appears from the record that there is a substantial margin of difference between the value of the property claimed to be exempt and the amount of total indebtedness of the estate—in round figures amounting to approximately $2,000.

The referee examined the bankrupt, and having exercised his functions as an investigator on the ground with the original data at hand, the court feels that the bankrupt's affidavit verifying the motion for adjudication, and the traversing facts therein stated, are not sufficient to overcome the conclusions reached by the referee to the effect that the bankrupt's affidavit in forma pauperis was false in that the bankrupt had money and could obtain money with which to pay said fees, or that his findings should be set aside.

The referee's certificate and report of findings of law and fact, and his refusal to adjudicate the bankrupt, should be and are ratified, confirmed, and approved.

And it is further ordered that the bankrupt be and he is hereby required to pay to the clerk of the court, within 30 days from date hereof, the filing fee of $30; and if not so paid the petition will be dismissed.