not then admissible, and could only have been admitted temporarily. This temporary admission was neither sought nor granted. If we assume that since his arrival he has acquired the status of a merchant, we do not help the alien, because it is well settled that the right to come into and remain in the United States depends upon the status at the time of entry. Tulsidas v. Insular Collector, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969; Ewing Yuen v. Johnson (D. C.) 299 F. 604. But the commissioner decided that Low Yin was a laborer, and not a merchant. I think this decision is justified by the law and the facts. See Weedin v. Wong Jun (C. C. A.) 7 F.(2d) 311; In re Ah Yow (D. C.) 59 F. 561.

The appeal is dismissed, and the deportation order of the commissioner is affirmed.

---

## MOHAWK RUBBER CO. OF NEW YORK, Inc., v. TERRELL.

(District Court, W. D. Missouri, W. D. May 26, 1926.)

No. 6354.

Removal of causes ⚖➡74—Plaintiff held not entitled to remove action to federal court, because defendant filed counterclaim for over $10,000 in nature of set-off or defense, and not independent suit (Comp. St. § 1010).

Plaintiff, who sued in state court on claim for $1,672.69, *held* not entitled to remove action to federal court under Comp. St. § 1010, because defendant filed counterclaim for over $10,000, in nature of set-off or defense, and not an independent suit.

At Law. Action by the Mohawk Rubber Company of New York, Inc., against A. C. Terrell, doing business as the Terrell Rubber Company, wherein defendant filed counterclaim. On defendant's motion to remand case to state court, from which it was removed by plaintiff. Motion to remand granted.

Kenneth W. Tapp, of Kansas City, Mo., for plaintiff.

E. C. Hamilton, of Independence, Mo., and A. R. McClanahan, of Kansas City, Mo., for defendant.

REEVES, District Judge. The motion to remand in this case has some unusual features. The defendant, not the plaintiff, is moving to remand. Moreover, plaintiff, not the defendant, removed the cause to this court.

Plaintiff instituted its suit in the state court against the defendant upon an account for goods and merchandise purchased. The amount sued for was $1,672.69. The suit was filed in a state court, and in due time defendant filed a counterclaim. An examination of his counterclaim shows that it is in its nature a set-off or defensive matter. It is true that the amount demanded in the counterclaim aggregates $10,142.16, but it is so interwoven with the main issue as to free it from the suggestion of an independent suit.

The removal statute (section 1010, U. S. Compiled Statutes 1918) grants the right of removal to "the defendant or defendants therein to the district court of the United States for the proper district." It was the purpose of the statute to restrict the right of removal to the defendant or defendants who had no choice in the selection of a forum. It may be that in a proper case a litigant, who has been compelled to resort to the state court because of the limited amount in controversy, will enjoy the right, upon the interposition of a counterclaim which is in its nature an independent suit, to remove to the federal court, where the amount is large enough and there is the requisite diversity of citizenship.

It was so held by Judge Trieber, of the Eastern District of Arkansas, in Price & Hart v. T. J. Ellis & Co. (C. C.) 129 F. 482. In that case, however, Judge Trieber pointed out that the statute laws of Arkansas specifically provided that a counterclaim interposed by a defendant gave such defendant the status of a plaintiff. In the instant case no such status can be accorded the defendant, and it follows that the plaintiff would not have such a status as a defendant, so as to make the statute available to him.

Motion to remand will be granted.

---

## In re STUCK.

(District Court, W. D. Missouri, W. D. May 29, 1926.)

No. 5372.

1. Bankruptcy ⚖➡474.

Under Comp. St. § 9646, costs of administration of bankrupt estate may be paid out of exempt property, in absence of other assets.

2. Bankruptcy ⚖➡248.

Expense item paid appraisers in bankruptcy *held* properly allowed, where record showed appointment of appraisers and services rendered.

In Bankruptcy. In the matter of the bankruptcy of Fount C. Stuck. On bankrupt's petition for review of order of referee deducting expenses of administration from exempt property. Order of referee affirmed.

Johnson & Lucas, of Kansas City, Mo., for bankrupt.

Elmer N. Powell, of Kansas City, Mo., referee, pro se.

Fred S. Hudson, of Kansas City, Mo., trustee, pro se.

REEVES, District Judge. [1] The petition for review involves the payment of costs of administration out of exempt property. On his voluntary petition an adjudication in bankruptcy was had on the 19th day of November, 1925. At that date the bankrupt listed assets aggregating $150, which he claimed exempt by reason of the fact that he was head of a family. On February 12th he was granted permission to amend his schedules, to include cash on hand in the sum of $178.37.

No claim to have this property exempted was made, but, after deducting expenses, the court treated the balance as falling within the exemption claimed, and it was paid over to the bankrupt upon an order of the referee. The Bankruptcy Law is designed for the benefit of the bankrupt, and section 9646, U. S. Compiled Statutes, provides that "the actual and necessary expenses incurred by officers in the administration of estates shall, * * * be reported in detail. * * * If approved, they shall be paid or allowed out of the estates in which they were incurred."

1 Collier on Bankruptcy (13th Ed.) p. 337, says that costs may be paid out of exempt property, where there are no other assets. This text is supported by the following authorities: In re Collier (D. C.) 93 F. 191; In re Bean (D. C.) 100 F. 262; In re Hines (D. C.) 117 F. 790.

[2] The petition for review also challenges an expense item of $9 allowed and paid appraisers. The record shows the appointment of appraisers and services rendered by them. An appraisal was made of the property listed, including the equity in an automobile.

The petition for review is without merit, and the order of the referee will be confirmed.

---

**FIDELITY & DEPOSIT CO. OF MARYLAND et al. v. GASTON, WILLIAMS & WIGMORE, Inc., et al.**

(District Court, S. D. New York. February 10, 1926.)

**1. Judgment ⊚⟳828(3).**

Where state court refused to enjoin enforcement of judgment alleged to have been procured by fraud, federal court, in suit thereafter seeking same relief, will deny injunction.

**2. Judgment ⊚⟳828(3).**

Mere fact of change in prayer for relief does not affect decree in state court, as bar to later suit in federal court on same facts.

**3. Courts ⊚⟳508(2).**

Ultimate success of suit for specific performance of agreement for transfer of case to another state held by four judges of state Supreme Court not to be definite and subject to unfulfilled condition, *held* too doubtful to justify injunction against judgment of state court.

In Equity. Application by the Fidelity & Deposit Company of Maryland and others for an injunction pendente lite against Gaston, Williams & Wigmore, Inc., and others. Injunction denied.

Decree affirmed in 13 F.(2d) 268. See, also, 213 Ala. 164, 104 So. 512.

Kaye, McDavitt & Scholer, of New York City (J. Frank McDavitt, Harold L. Fierman, and Albert Falck, all of New York City, of counsel), for complainants.

Cadwalader, Wickersham & Taft, of New York City (Edwin P. Grosvenor, of New York City, of counsel), for defendants.

BONDY, District Judge. This is an application for an injunction pendente lite, restraining the defendants from enforcing a judgment for $19,448.62, recovered by the defendant Gaston, Williams & Wigmore, Inc., against the complainant Blaine Damon in the circuit court of Mobile county, in May, 1923. After the entry of that judgment the complainants brought a suit in equity in the circuit court of Mobile county, Mobile, Ala., to enjoin the enforcement of that judgment, on the ground that the judgment was taken on default, in violation of an agreement to vacate the Alabama proceedings and to institute a new action in New York.

All the material facts alleged in the bill in the suit before this court were presented to the Alabama court. It denied the application for a temporary injunction, vacated a restraining order, and dismissed the bill on the merits for want of equity. The complainants appealed. The decree of the circuit court was affirmed by the Supreme Court of Alabama. In the opinion of Judge Gardner, concurred in by the three other judges who heard the appeal, it is stated that the judgment is sought to be avoided upon the ground that it was procured by fraud, and that after the institution of the suit a definite agreement had been reached between the parties, through their counsel, for a transfer of the cause to a New York court as a matter of convenience to all concerned, and that judgment was rendered without notice and in violation of this agreement. It is also stated in the