## FEILBACH CO. et al. v. RUSSELL.

(Circuit Court of Appeals, Sixth Circuit.   June 16, 1916.)

### No. 2795.

1. BANKRUPTCY ☞303(3)—PREFERENCES—EVIDENCE—SUFFICIENCY.

    In a suit to set aside a chattel mortgage as a preference, evidence held to warrant a finding that the creditor took the mortgage knowing that it would effect a preference.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. ☞303(3).]

2. BANKRUPTCY ☞186(1)—PREFERENCES—VACATION.

    An assignee of a chattel mortgage, which constituted a preference against other creditors of the mortgagor, who became a bankrupt, is liable for the value of the mortgaged property, possession of which he obtained by foreclosure.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 285, 319; Dec. Dig. ☞186(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. APPEAL AND ERROR** ⟨719(1)—ASSIGNMENT OF ERRORS IN COURT BELOW—NECESSITY.

An objection not raised by appropriate assignment of error cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968, 2972, 2980, 2981, 3490; Dec. Dig. ⟨719(1).]

**4. BANKRUPTCY** ⟨395(1)—EXEMPTIONS—CLAIM OF—RIGHT TO ASSERT.

Where a merchant gave a chattel mortgage on his stock of goods, he can assert exemptions thereon, but one who purchased on foreclosure of the mortgage, which was preference, cannot set up such exemptions to diminish recovery by the merchant's trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. ⟨395(1).]

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Bill by Franklin J. Russell, trustee in bankruptcy of the estate of Alexander R. Navarre and others against the Feilbach Company and another. From a decree for complainant, defendants appeal. Affirmed.

J. H. Cornelius and C. L. Robertson, both of Adrian, Mich., for appellants.

C. E. Baldwin, of Adrian, Mich., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge. On the 22d day of January, 1913, the firm of A. R. Navarre & Company and the individual members thereof were adjudged bankrupts. For upwards of eighteen months the bankrupt firm had been engaged in the retail grocery and meat business in the city of Adrian, Michigan, and had been making weekly purchases of grocery stock from the defendant The Feilbach Company, a wholesale grocer of Toledo, Ohio. On October 16, 1912, and thus within four months of the adjudication, A. R. Navarre & Company gave to The Feilbach Company a chattel mortgage upon their entire stock of groceries and store fixtures to secure the payment of a past-due indebtedness for merchandise purchased. The chattel mortgage was immediately filed in the proper office. Thereafter the bankrupts from time to time made payments upon the mortgage and also purchased other goods from The Feilbach Company. The payments so made exceeded such purchases by the sum of $136.54. On November 30, 1912, The Feilbach Company assigned the mortgage to the defendant Peavey. The assignment was not filed or recorded. On December 24, 1912, defendant Peavey took possession of the mortgaged property, foreclosed the mortgage and bid in the property at the foreclosure sale for the balance of the debt then owing to The Feilbach Company and the expenses of the foreclosure. After appellee was elected trustee, he brought this suit to set aside the chattel mortgage as both preferential and fraudulent and to recover the value of the mortgaged property and the payments made by the bankrupt to The Feilbach Company in excess of the goods purchased after the mortgage was given. The

lower court found that the mortgage was preferential and fraudulent and rendered a decree against both defendants for the sum of $1,-116.93.

The substantial errors alleged and assigned by appellants are (1) that the evidence did not warrant the finding that the chattel mortgage constituted a preference; (2) that there was no evidence to sustain a personal decree against the defendant Peavey; and (3) that, each of the members of the bankrupt firm having claimed exemptions in their stock in trade, tools and store fixtures, the mortgage was valid as to such exemptions and the decree ought to be diminished by the proportionate amount thereof.

[1] 1. To recite in detail the facts bearing upon the question of whether the chattel mortgage here in controversy was a voidable preference would serve no useful purpose. While the evidence upon this subject is conflicting, it fairly shows the existence of all the essential elements of such a preference. The mortgage was given within four months of the filing of the petition in bankruptcy. It secured the payment of an antecedent debt. At the time it was given the bankrupts were insolvent. Even if no deductions from the cost price of the goods and fixtures or from the face value of the book accounts were made, still the value of all of the property belonging to the bankrupts would have been somewhat less in amount than the firm's debts. By means of the mortgage the defendant creditor's claim has been paid in full, while other creditors will receive little or nothing. The Feilbach Company had been selling goods to the bankrupts from the beginning of their business. Its traveling salesman resided in the city where their store was located and visited them every week. After the first few months, the indebtedness for goods purchased from the defendant constantly increased while the stock did not increase. Defendant knew that the bankrupts were purchasing goods from others upon credit. Confessedly they were unable to meet their obligations. Defendant insisted upon payment in full or security. The mortgage covered the entire stock of goods and fixtures and all future additions thereto. These facts and others shown by the record fully warrant the conclusion that The Feilbach Company had reasonable cause to believe that the enforcement of the chattel mortgage would effect a preference in its favor.

[2, 3] 2. The decree against the defendant Peavey was based upon the finding of the lower court that the defendants had formed and entered into a conspiracy to obtain unlawfully the property of the bankrupts for less than its fair value with the intention and for the purpose of securing the full payment of the claim of the one and a profit to the other, and thus to defraud other creditors of the bankrupt firm. While the evidence tends to sustain this conclusion, we do not find it necessary to go so far. Even if the association of the defendants in the transaction did not amount to a fraudulent conspiracy, the personal liability of defendant Peavey is otherwise clearly established. When the chattel mortgage was assigned to and accepted by him—or, at least, when he became a purchaser by paying the price—he knew, or ought to have known, that it was voidable because of its preferen-

tial character. He obtained possession of the mortgaged property and, through foreclosure proceedings, converted it to his own use. Upon the plainest principles of law, he became liable for its value when the mortgage was set aside. The fact that he was not the creditor for whose immediate benefit the preference was primarily given does not forbid a decree against him. Marsh v. Walters, 220 Fed. 805, 136 C. C. A. 409. The question of Peavey's personal liability for the payments made by the bankrupt in excess of goods purchased after the mortgage was given is not raised by appropriate assignment.

[4] 3. In their petition and schedules in bankruptcy, the bankrupts have claimed exemptions in their stock in trade, tools and fixtures, for themselves and not for the benefit of these defendants. No selection of specific goods has been made and none can be made. Exemptions of this class are personal to the merchant and cannot be claimed by a purchaser under a sale such as this. J. L. Hudson Co. v. No-Name Hat Co., 174 Mich. 109, 140 N. W. 507. In this instance, the property covered by the mortgage was of greater value than the mortgagors' exemptions and, regardless of the exemptions, the transfer was preferential and voidable.

The decree of the lower court is affirmed, with costs, but without prejudice to any proceedings which may be taken in the bankruptcy cause to have the right to exemptions, or their proceeds, determined.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes