### In re VAN ALLSBURG.

(District Court, W. D. Michigan, S. D. January 4, 1926.)

1. Bankruptcy ⟐⟍400(1)—Bankrupt, after inventory and appraisal of his property, may not select from inventory specific property for exemptions (Bankruptcy Act, § 7a [8], being Comp. St. § 9591; Comp. Laws Mich. 1915, § 12858, subd. 8, and sections 12861, 12862).

Where voluntary bankrupt made general claim for exemptions in his schedules, and exemptions were set aside by trustee, bankrupt, after completion of inventory and appraisal, may not claim exemption of specific articles therefrom, under Bankruptcy Act, § 7a (8), being Comp. St. § 9591, despite any provision of Comp. Laws Mich. 1915, § 12858, subd. 8, and sections 12861, 12862.

**2. Bankruptcy ⬤═▷400(1).**

Omitted or defective claims for exemptions may be inserted or corrected by amendment of schedules, but only by order or leave of court.

**3. Bankruptcy ⬤═▷400(1).**

While state law governs as to kind and amount of exempted property and as to persons entitled thereto, manner of setting it apart is governed by Bankruptcy Act (Comp. St. § 9585 et seq.).

In Bankruptcy. In the matter of Henry Van Allsburg, bankrupt. From an order of the referee, denying petition of bankrupt for an order directing the trustee to set apart, as exemptions, items of property selected by bankrupt after inventory and appraisal, appeal was taken. Order affirmed.

James E. Sullivan, of Muskegon, Mich., for bankrupt.

Harold Smedley, of Muskegon, Mich., for trustee.

RAYMOND, District Judge. Bankrupt filed a voluntary petition in bankruptcy on October 15, 1925, and scheduled assets aggregating $2,200, consisting of stock in trade and store fixtures. In schedule B5 he made claim to exemptions to the amount of $500, no specific property being designated. After the property was appraised, and on November 14, 1925, bankrupt filed a selection of exemptions, consisting of certain items of fixtures and stock in trade, at the appraised value of each, to the amount of $248.50. On November 16, 1925, the trustee filed a schedule of property designated and set apart to be retained by bankrupt; the property aggregating in value $252.81. On November 19, 1925, the bankrupt filed a petition, praying for an order directing the trustee to set apart the items of property previously selected by bankrupt. The referee in bankruptcy entered an order denying this petition, and confirming the report of exemptions filed by the trustee. The matter is before this court on petition for review.

[1, 2] It is the claim of bankrupt that, by reason of the provisions of sections 12858 (8), 12861, and 12862 of the Compiled Laws of Michigan of 1915, he is entitled, in event of levy under execution, to select as exempt from his stock of goods and fixtures property not exceeding in value $250, and, in event of bankruptcy, that after completion of inventory and appraisal he has the right to select articles from such inventory to the same amount. The claim of bankrupt must be denied. There is no sanction in the Bankruptcy Law for the practice followed

14 F.(2d)—43

by bankrupt in this matter. It is obvious that the Bankruptcy Act does not contemplate that a bankrupt may, after inventory and appraisal of his property, select from such inventory specific property which he desires to claim as exempt.

Bankruptcy Act, § 7a (8), being Comp. St. § 9591, provides that a bankrupt shall prepare and make oath to a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions as he may be entitled to. This section expressly requires the claim for exemptions to be in writing, to be sworn to, and to be filed with a schedule of assets and list of debts of the bankrupt. There is no provision in the Bankruptcy Act permitting the bankrupt to defer his claim for exemptions until after inventory and appraisal has been made. It is true that omitted or defective claims for exemptions may be later inserted or corrected by amendment of the schedules, but this can only be done by order or leave of court. It would be obviously unfair to creditors to permit a bankrupt to make a general claim for exemptions in his schedules, and to afterwards make claim for exemption of specific articles from the inventory and appraisal after completion thereof.

[3] Bankrupt has assumed that he is entitled to select his exemptions in the same manner as is provided by the sections of the Michigan statutes above cited, applicable to levies by sheriffs and constables under executions. It has been repeatedly held that, while the state law governs as to the kind and amount of property allowed as exempt and as to the persons entitled thereto, the manner of setting apart exempt property is governed by the Bankruptcy Act, and not by the provisions of the state law. See Remington on Bankruptcy, § 1326; Collier on Bankruptcy, vol. 1, p. 326; In re Andrews and Simonds (D. C.) 193 F. 776; In re Moore (D. C.) 274 F. 645; Bank of Nez Perce v. Pindel, 193 F. 917, 113 C. C. A. 545.

In the case of In re Moore, it is said: "The manner in which such exemptions are to be claimed, set apart, and awarded is regulated and determined by the federal courts, as matter of procedure in the course of bankruptcy administration, as to which they are not bound or limited by state deci-

sions or statutes." In Remington on Bankruptcy, § 1328, it is said: "The trustee seems to be the only one qualified to perform the duty of setting apart the exemptions." See, also, In re Friedrich, 100 F. 284, 40 C. C. A. 378; In re Brown (D. C.) 228 F. 533. In the case of Smalley v. Laugenour, 196 U. S. 93, 25 S. Ct. 216, 49 L. Ed. 400, it is said: "Where there is a trustee, he sets apart the exemptions, and reports thereon to the court."

The order of the referee is affirmed.