## BAUMBAUGH v. LOS ANGELES MORRIS PLAN CO.

### In re FRANK.

Circuit Court of Appeals, Ninth Circuit. February 18, 1929.

Rehearing Denied March 11, 1929.

No. 5596.

E. O. Leake and Edward H. Marxen, both of Los Angeles, Cal., for appellant.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This case involves the validity of a chattel mortgage given by the bankrupt, within four months prior to the adjudication, to the Los Angeles Morris Plan Company, to secure the payment of a past indebtedness due to the Plan Company. At the time of the execution of the mortgage, the bankrupt was, and for some time prior thereto had been, largely indebted to the Plan Company. This indebtedness was guaranteed by two comakers, and was payable in monthly installments. The bankrupt was in default for four or five payments, and the Plan Company had brought actions to recover on the indebtedness against him and his comakers, and caused their property to be attached. In order to adjust the matter and obtain an extension of time, the bankrupt executed and delivered to the Plan Company a chattel mortgage on his household furniture, and on his office furniture and fixtures, as additional security for the loan, with the understanding that, if he failed to pay the indebtedness, the mortgage should inure to the benefit of his comakers. The trustee brought proceedings to have the mortgage declared void on the ground that it constituted an illegal preference. The referee so held, but his ruling was reversed by the court, and hence this appeal.

It was conceded by counsel for appellant on the hearing that the property covered by the chattel mortgage is, by the laws of California, exempt from execution. The title, therefore, did not pass to the trustee but remained in the bankrupt, and was not subject to administration by the bankruptcy court. Section 70, Bankruptcy Act (11 USCA § 110). The fact that the act conferred on the bankruptcy court authority to control exempt property, in order to set it aside, does not mean that the court can administer it as an asset of the estate. It is therefore of no concern to the general creditors what disposition a bankrupt makes of exempt property, and a mortgage or transfer thereof cannot be treated as a preference, since in no event would the trustee be entitled to the property. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061; Brandemburg, Bankruptcy, § 957; Huntington v. Baskerville (C. C. A.) 192 F. 813; First Nat. Bank v. Lanz (C. C. A.) 202 F. 117. At the hearing before the referee the bankrupt signified his willingness to waive his exemption, but this he should not be permitted to do against a mortgagee in good faith. In re French (D. C.) 231 F. 255.

The decree of the court below is therefore affirmed.