**In re ROARK.**

District Court, E. D. Kentucky.
April 8, 1939.

Grover C. Wilson, of Hazard, Ky., referee in bankruptcy.

M. C. Begley, of Hyden, Ky., trustee.

G. M. Manning, of Barbourville, Ky., for creditors.

J. H. Asher, of Hyden, Ky., for Leonard and Ruth Roark.

FORD, District. Judge.

This case is submitted upon a petition by the bankrupt, Leonard Roark, and his wife, Ruth Roark, seeking review of a ruling made by the referee on December 8, 1938, by which the referee (1) set aside and held for naught a certain deed executed by the bankrupt on December 5, 1936, by which he conveyed to his wife Ruth Roark thirty acres of land and ordered the property sold by the trustee; (2) adjudged the bankrupt estate to be the owner of an undivided one-half interest in a tract of land containing 54 acres which was acquired by Ruth Roark from John H. Napier by deed of December 16, 1936; and (3) required restitution of the sum of five hundred dollars by Ruth Roark, wife of the bankrupt, on account of money turned over to her or expended for her benefit by the bankrupt in fraud of his creditors.

Title was adjudged to the trustee to an undivided one-half interest in two other small tracts of land, but as to the ruling of the referee in reference to those small tracts no question is made by the petitioners for review.

█ The issues with reference to the property involved were disposed of in a summary proceeding before the referee. The trustee filed a motion setting out his claim to the property involved, to which the bankrupt and his wife filed responsive pleadings joining issue on the allegations of the motion and the trial of the issues proceeded before the referee in this summary way. While it is true that ordinarily claims asserted by the trustee to recover property or adjudge rights in property not in the custody of the Bankrupt Court should be presented in a plenary suit, nevertheless, it' seems to be well settled that with the consent of the parties such issues may be disposed of by the referee in a summary proceeding such as was had in this case. Neither the bankrupt, nor his wife, asserted any claim to the benefits of plenary procedure but filed response and willingly submitted to the trial of the issues by the referee in a summary way and by their petition for review they make no question as to the propriety of the summary method of procedure adopted in disposing of the issues. Under these circumstances, it seems clear that the referee had jurisdiction in the matter. MacDonald, Trustee, v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; In re Pinsky-Lapin Co., 2 Cir., 98 F.2d 776; and In re Murray, 7 Cir., 92 F.2d 612.

█ 1. While the petitioners do not dispute the correctness of the ruling of the referee in setting aside the deed of December 5, 1936, they insist that the bankrupt is entitled to have the property set aside to him as his homestead exemption under the law of Kentucky. The rule in Kentucky appears to be that the fact that the conveyance by the husband to his wife was fraudulent does not defeat the right to homestead in the land fraudulently conveyed. Mount v. Fourth Street Bank, 156 Ky. 503, 161 S.W. 220. .

The petition in this case was filed on August 25, 1937. The new bankruptcy act (Chandler Act) did not become effective until September 22, 1938, 11 U.S. C.A. § 1 et seq. Section 6, as amended by § 1 of the new Act, 11 U.S.C.A. § 24, provides that no exemptions may be allowed out of property which a bankrupt fraudulently transferred and which is recovered by the trustee for the benefit of the estate. No such provision was contained in the previous Act and I seriously doubt whether the new Act is applicable. However, that question is not before me for decision at this time and no ruling is made in respect to it.

In Redmon v. Citizens' Bank, 39 S.W. 432, 19 Ky.Law Rep. 137, it was held that a debtor residing upon land of his mother was entitled to his homestead in his adjoining farm which he used and cultivated as a part of the property upon which he resided. This authority may be applicable in this case as the bankrupt resides on the property of his wife lying adjacent to the land in which he may claim a homestead.

The record, as certified by the referee, does not disclose what, if anything, has been done by the bankrupt in asserting a claim to his exemption rights.

Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, protects the bankrupt's right to exemptions to which he is entitled, by the state laws in force at the time of the filing of the petition. Section 7 of the Act, 11 U.S.C.A. § 25, requires that the bankrupt, within ten days after adjudication in an involuntary proceeding, file a schedule of his property "and a claim for such exemptions as he may be entitled to". It is in the power of the bankrupt to waive the exemption and he will generally be taken to have done so if he omits to set up the claim in his schedule, either originally or by seasonable amendment. In re Gerber, 9 Cir., 186 F. 693. The Courts have been liberal in the matter of allowing amendments to schedules from which bankrupts have omitted their exemption claims, and, if the claim in this case has not been properly made, the bankrupt should, upon seasonable application, be given opportunity to present his claim for exemption in this property and it should be passed upon by the referee before the property is sold by the trustee. In re Van Allsburg, D.C., 14 F.2d 672; In re Fisher, D.C., 142 F. 205; In re Bean, D.C., 100 F. 262. Only after such proceedings would the questions involved be reviewable by the Court. Under the condition of the record now before the Court, as certified by the referee, the question of the right of the bankrupt to exemptions in this property seems not to have been presented to or passed upon by the referee, and consequently the matter is not subject to review at this time. The referee will defer the sale of the property for a reasonable time to give the bankrupt an opportunity to present his claim for homestead exemption.

2. As to the tract of 54 acres which was acquired by Ruth Roark from John H. Napier by deed dated December 16, 1936, in which the referee adjudged the bankrupt estate to be entitled to an undivided one-half interest, I am of the opinion that there is no evidence in the record to sustain the action of the referee. The testimony shows, without contradiction or dispute, that Mrs. Ruth Roark acquired this land by trading to her grantor, John H. Napier, a tract of land which she acquired from Elmer Barrett on January 9, 1934. There is nothing in the record to indicate any defect in her title to the Barrett land. The proof shows that she paid for it with her own money, but whether that be true or not, even if her husband paid for and gave it to her, there is nothing in the evidence to indicate that the transaction was fraudulent or that in 1934 her husband was insolvent or that the action was with the intention to defeat or defraud creditors. A solvent husband may give his wife property and her title will not be defeated by subsequent insolvency of the husband.

Being of the opinion that the referee's ruling in respect to this 54 acres is clearly in error and without support in the evidence, the petition for review is granted as to it and the order of the referee adjudging an undivided one-half interest in this land to the trustee should be set aside.

3. As to the ruling of the referee requiring the bankrupt and his wife to make restitution to the estate to the extent of $500, the applicable rule is that the Court should not disturb the findings of the referee upon disputed issues of fact, "unless there is most cogent evidence of mistake and miscarriage of justice." Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476, 479. Realizing that the referee, having heard the witnesses in person, is in a much better position than the Court to determine the credibility of witnesses and the truth as to disputed facts, I am unable to say that the action of the referee in this respect is clearly erroneous, and hence the petition for review is denied and the referee's order approved and confirmed in this respect.

Let an order be entered remanding the case to the referee for further proceedings in conformity herewith.