## In re KELLY.

### No. 18397.

District Court, D. New Jersey.
July 7, 1933.

See, also (D. C.) 7 F. Supp. 379; (C. C. A.) 71 F.(2d) 689.

Fay & Creato, of Camden, N. J., for petitioner.

Howard L. Miller, of Camden, N. J., for bankrupt.

AVIS, District Judge.

William F. Kelly was adjudicated voluntary bankrupt on September 21, 1932, and the proceedings were, on the same date, referred to Thomas L. Gaskill, referee, at Camden, N. J. The first meeting of creditors was held on October 31, 1932. No creditors appeared at this hearing, and the bankrupt was examined by the referee, and the referee, believing from this examination that the bankrupt had no assets, on that date signed an order declaring it a no asset case, and that until the further order of the court no trustee be appointed, and no other meeting of creditors be called. On the same date an order was also signed by the referee, adjourning sine die the first meeting of the creditors and the examination of the bankrupt. Claims were filed by sundry creditors, including National City Bank of New York, the petitioner herein; the latter's claim for $3,031.85, with interest from July 6, 1932, which claim was in due form and was allowed by the referee.

No other proceedings were had in this case until February 20, 1933, when counsel for the National City Bank filed a petition asking for the examination of bankrupt under the provisions of section 21a of the Bankruptcy Act (11 USCA § 44(a).

On February 21, 1933, the order requiring the bankrupt to appear for examination on March 9, 1933, was signed by the referee.

On the date fixed for the examination the bankrupt appeared, with his counsel, and filed a paper called "Objections to Examination," setting forth several reasons why the proceedings were improper and illegal, technical in their nature, and praying that the order for examination be set aside.

On these objections the referee reserved his decision, required briefs from counsel, and finally set aside the order for the reasons given in an opinion duly filed.

There were twelve objections raised by the bankrupt. All of the objections were either dismissed or not passed upon, excepting 3, 4, 6, and 7, and the court will, for the purpose of arriving at a conclusion on the present application, briefly discuss the questions involved in the reasons given by the referee for dismissing this order.

The statute, under which the application was filed and the order made, reads as follows: "A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under the provisions of this title. The wife may be examined only touching business transacted by her or to which she is a party, and to determine the fact whether she has transacted or been a party to any business of the bankrupt." 11 USCA § 44(a).

The first reason assigned by the referee refers to the third objection, and is, briefly, that the petition for the order was not verified by the petitioner, or any qualified officer or agent of the petitioner, but by its attorney.

It does not appear, upon a reading of the statute, that any petition is necessary. An order might be made on verbal application.

"It need not be in writing and no particu-

lar form is necessary." Remington on Bankruptcy (3d Ed.) vol. 5, p. 10, § 1983.

The second reason is based on the fourth objection which claimed that no allegation of fact or law is set up in the petition to justify the order.

If the application may be made orally, it does not seem that the application should state any fact, or suggest any particular circumstance to be discovered by the proceedings.

I am inclined to the belief, that, after a person has been adjudicated bankrupt, under the provisions of section 21a, Congress intended that great latitude was to be extended to creditors in endeavoring to discover hidden assets, if any existed. The methods and extent of the examination is under the reasonable control of the referee, but the permission to make the examination should not be controlled in any way by the failure of applicant to set out the subjects upon which the bankrupt is to be examined. It is exploratory in its nature; the bankrupt himself being better acquainted with his assets and liabilities than any of his creditors, and reasonable opportunity ought to be given creditors to compel the bankrupt to divulge these matters under oath. See In re Howard (D. C. N. D. Calif.) 95 F. 415.

The third reason arises out of the consideration of objection 6, which alleges laches.

The petitioner claims that it did not receive the notice of the first meeting of creditors, nor the notice of the petition for discharge, although it appears that both notices were mailed to it. However, whether it was received by petitioner does not seem to me to be important. The bankrupt was never examined by his creditors, and I feel confident that section 21a is intended to give every reasonable opportunity for such examination. As a matter of fact, I am unable to understand why any bankrupt should attempt to prevent his proper examination by his creditors. The letter and spirit of the Bankruptcy Act (11 USCA § 1 et seq.) would be violated if the courts did not extend the privilege to a creditor, at least once, during the period allowed for settlement of the estate.

The fourth conclusion of the referee, adverse to petitioning creditor, is based on the seventh objection, in which bankrupt claimed that he had been fully examined. It appears, as herein stated, however, that he was never examined by any one representing creditors. The examination authorized under section 21a is entirely distinct and independent from the examination conducted at the first meeting of creditors or adjournments thereof. While the allowance of the second examination is in the discretion of the court, I am convinced it would be an abuse of discretion to prevent the creditors from having the benefit of an examination under the circumstances and facts in the instant case.

My attention has been called to the case of Rawlins v. Hall-Epps Clothing Co. (C. C. A. 5) 217 F. 884, as a precedent for dismissal of the petition. An examination of that case shows that the application was there made before adjudication, after the filing of an involuntary petition, and even before the appointment of a receiver. The opinion in that case is based entirely upon the particular facts therein recited, and has no application to the instant case, except in its general findings. It was held, quoting from syllabus 1, as follows: "Under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (Comp. St. 1913, § 9605 [11 USCA § 44(a)]), authorizing the examination of a bankrupt and other witnesses concerning the acts or property of a bankrupt 'whose estate is in process of administration,' the court has authority to order such an examination at any time after the filing of a petition, although the proceedings are involuntary, and there has been no adjudication nor appointment of a receiver. The court, however, should not permit such examination to be perverted from the purpose it is intended to accomplish, which is the recovery of assets of the estate for distribution, to that of aiding the petitioning creditors in establishing their case for adjudication." (C. C. A.) 217 F. 884.

See, also, In re Fixen & Co. (D. C. S. D. Calif.) 96 F. 748.

I am convinced that the bankrupt had no right to be heard upon the propriety of the making of the order, and that the referee erred in hearing the objections and in dismissing or voiding the order.

The matter before me is the right of the creditor petitioner to have an order permitting it to review the order of the referee in dismissing the order for examination under section 21a. It is true that the application for review was not made until after the expiration of the ten days within which such application should have been made under this court's bankruptcy rules, but this rule (No. 8–G–2) provides that the time may be extended before or after the expiration of the ten days by the referee or by the court.

Under all of the facts, and after my consideration of the basic questions involved, I am convinced I should extend the time for filing a petition for review to and including July 12, 1933.

An order will be made accordingly.

