## In re KELLY.
### No. 18397.

District Court, D. New Jersey.
Dec. 6, 1933.

See, also (D. C.) 7 F. Supp. 376.

Fay & Creato, of Camden, N. J., for creditor.

Howard L. Miller, of Camden, N. J., for bankrupt.

AVIS, District Judge.

In this case an order was made by the referee requiring bankrupt to appear for examination under the provisions of section 21a, 11 USCA § 44 (a), of the Bankruptcy Act.

At the time fixed for appearance bankrupt contested, before the referee, the right of the referee to make said order, and, after hearing, the referee, deciding upon the matters of law involved, revoked the order for examination. The interested creditor, having failed to file his petition for review within ten days, made application to this court for leave to file a petition out of time, which was granted.

Subsequently the petition was filed with the referee and a certificate of review issued and filed in this court.

The matter is now before the court on the question of sustaining or setting aside the order of the referee vacating the original order for examination.

Mainly, the law involved relates to the legal right of the referee to vacate the order of dismissal so made.

I am satisfied that the referee, having once made an order requiring the examination, did not have the power to revoke it on objection by bankrupt.

I made this statement in the memorandum, filed July 7, 1933, in deciding the application of creditor for permission to file a petition for review [(D. C.) 7 F. Supp. 376], and an examination of the briefs and the cases submitted on the instant motion confirms that view.

While there are some cases seeming to hold otherwise, the weight of the decisions, to my mind, clearly sustains this view, except in cases where the order was illegal, or based upon a misunderstanding of the facts.

See Remington on Bankruptcy (3d Ed.) vol. 2, p. 78; In re Greek Mfg. Co. (D. C. E. D. Pa.) 164 F. 211; In re Marks (D. C. E. D. Pa.) 171 F. 281; In re T. M. Lesher & Son (D. C. E. D. Pa.) 176 F. 650; In re Petersen (D. C. Nev.) 252 F. 846, 848; In re Faerstein (C. C. A. 9) 58 F.(2d) 942, 943.

The other matters raised by bankrupt in the instant proceedings were disposed of in the memorandum filed as hereinbefore stated.

The order of April 18, 1933, is set aside, and the case re-referred to the referee, so that an examination of bankrupt may be had under the order of referee made February 21, 1933.