## In re MATTINGLY.

### No. 14113.

District Court, W. D. Kentucky, Louisville Division.

Dec. 12, 1941.

Carl Ousley, Jr., of Louisville, Ky., for Trustee in Bankruptcy.

Edw. Bloomfield, of Louisville, Ky., for R. C. K. Distributing Co. and C. I. T. Corporation.

MILLER, District Judge.

The R. C. K. Distributing Company and the C. I. T. Corporation, creditors of the bankrupt, have petitioned for a review of the Referee's order entered on June 2, 1941.

During the year 1940 the bankrupt purchased an electrolux refrigerator from the R. C. K. Distributing Company under a conditional sale contract which was never recorded. He was adjudicated a bankrupt on February 26, 1941, and was examined at the first meeting of creditors held on March 24, 1941. On March 19, 1941, the R. C. K. Distributing Company repossessed the refrigerator from the bankrupt. On April 7, 1941, a rule was issued against the R. C. K. Distributing Company returnable on April 14, 1941, to show cause why it should not return the refrigerator to the Trustee. On April 14, 1941, no response was made to the rule, and it was accordingly made absolute on that day and the Distributing Company was given until April 28, 1941, in which to make return. The matter was thereafter passed on the docket until June 2, 1941, when the R. C.K. Distributing Company and the C. I. T. Corporation moved the Court to compel the Trustee to set aside the refrigerator as exempt property and also moved the Court to require the bankrupt to appear for further examination. These motions were overruled by the order of June 2, 1941, which is now before me for review.

█ The petition for review states that the rule requiring the Distributing Company to turn over to the Trustee the repossessed refrigerator was made absolute by order of June 2, 1941, and apparently this rule of the Referee is sought to be reviewed by this proceeding. The record shows, however, that the rule was made absolute by order of April 14, 1941. The present petition for review was not filed until June 5, 1941, which was not within the period of ten days thereafter as required by Section 39, sub. c, of the Bankruptcy Act, § 67 sub. c, Title 11 U.S.C.A. The record fails to show any order extending the time for review beyond the ten-day period. Accordingly, the correctness of the Referee's order requiring the creditor to return the refrigerator is not before the Court.

█ The petitioners contend that the Trustee is required by Sections 6 and 7 of the Bankruptcy Act, §§ 24 and 25, Title 11 U.S.C.A., to set aside for the bankrupt the property which is exempt under the state law which would include the refrigerator in question. They admit the generally accepted rule that a bankrupt may waive his exemptions in favor of general creditors. See In re Roark, D.C.E.D.Ky. 28 F.Supp. 515. But they contend that this rule does not exist where it would operate to the prejudice of a mortgagee who has obtained his lien against the exempt property for value and in good faith. There is authority to support this contention. In re French, D.C. N.D.N.Y., 231 F. 255, 265; Gylling v. Kjergaard, 8 Cir., 293 F. 676; Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816. On the other hand, the weight of authority seems to support the general rule that the right of exemption is personal to the debtor and can not be asserted by a creditor holding a lien against the property which may be set aside as preferential or fraudulent. Feilbach Co. v. Russell, 6 Cir., 233 F. 412; Mitchell v. Mitchell, D.C.E.D. N.C., 147 F. 280; In re Cross, D.C.M.D.Pa., 281 F. 217; Belknap & Co. v. Carpenter 8 Ky.Law Rep. 358; 8 Corpus Juris Secundum, Bankruptcy, § 497. This prevailing view appears to be in harmony with the real purpose and intent of the exemption laws which are to save for the debtor from his financial wreck a certain amount of necessary property which will enable him to keep himself and family from actual want while attempting a new start in life. Exemption laws are essentially for the benefit of the debtor and not for the purpose of enabling some creditor to secure for himself a larger percentage of the debtor's estate than is secured by other general creditors. In the present case the petitioning creditors are only general creditors in that they failed to record their conditional sale contract, which is required by the Kentucky law in order to give them a lien against the property superior to other creditors. Munz v. National Bond & Investment Co., 243 Ky. 293, 47 S.W.2d 1055; Johnson v. Sauerman Bros., 243 Ky. 587, 49 S.W.2d 331; In re Selman's Inc., D.C.E.D.Ky., 58 F.2d 681. They could have been secured creditors if they had so desired, but for reasons sufficient unto themselves they evidently preferred not to record their mortgage. I see no principle of equity which would require that after having intentionally abandoned their position as secured creditors for reasons of their own choosing, they be now restored to that position to the prejudice of other general creditors. In any event, the Referee's ruling appears to be in accordance with both the ruling of the Kentucky Court of Appeals and the ruling of the Circuit Court of Ap-

peals of the Sixth Circuit as shown by the cases cited above.

Sections 7(10) and 21, sub. a, of the Bankruptcy Act §§ 25 and 44, sub. a, Title 11 U.S.C.A., require the bankrupt to submit to examination at the first meeting of his creditors, upon the hearing of objections to his discharge, and at such other times as the Court shall order. The bankrupt appeared and was examined at the first meeting of creditors. The petitioners were not present. They now ask that the Court order a reexamination of the bankrupt as authorized by the foregoing provisions of the Act. A creditor has no absolute right to such reexamination, the exercise of the power there granted being in the discretion of the Court. In re Kelly, 5 Cir., 70 F.2d 730; In re Kelly, D.C.N.J., 7 F.Supp. 376, affirmed, 3 Cir., 71 F.2d 689. The R. C. K. Distributing Company points out that it was not listed as a creditor and so did not receive notice of the meeting. However, the C. I. T. Corporation held the note of the bankrupt representing the unpaid balance of the purchase price, and it was listed as a creditor and notice of the meeting was mailed to it. The present motion is not supported by any statement showing the purpose or reasonableness of the request. In the absence of such a showing the motion should be overruled, without prejudice to its renewal with such supporting statement.

The Referee's order of June 2, 1941, is approved and the petition to review the same is dismissed.