I. H. KENT COMPANY AND FIRST NATIONAL BANK OF NEVADA, APPELLANTS, *v.* HELEN K. MILLER, RESPONDENT.

No. 4414

November 29, 1961                    366 P.2d 520

(Rehearing denied January 2, 1962.)

*Vargas, Dillon & Bartlett* and *Alexander A. Garroway*, of Reno, for Appellants.

*Diehl & Recanzone,* of Fallon, for Respondent.

**OPINION**

By the Court, BADT, C. J. :

This is an appeal from the judgment of the court below, dismissing under NRCP Rule 12(b) (5) the complaint of appellants wherein appellants sought a judgment compelling respondent to file in the bankruptcy court a claim for homestead exemption of property conveyed to appellant First National Bank, as trustee, for appellant I. H. Kent Company, as beneficiary, to secure a debt to said beneficiary.

On January 30, 1956 Boyce and Helen Miller, his wife, executed a trust deed on certain of their community property in Churchill County, Nevada, in favor of First National Bank of Nevada, as trustee, and I. H. Kent Company, as beneficiary. The property involved was occupied by them as their home. The trust deed, after describing the property, included in the conveyance "all of the estate, right, title and interest, homestead or other claim or demand, as well in law as in equity, which the Trustor now has or may hereafter acquire, of, in or to the said premises * * *." Said trust deed was given to secure a preexisting debt to I. H. Kent Company. Thereafter, on May 8, 1956, and within four months of the execution of the trust deed Boyce Miller filed a petition in bankruptcy and was thereafter adjudged a bankrupt. On February 5, 1957 Boyce and Helen Miller filed a declaration of homestead on the property and Boyce Miller thereafter petitioned the bankruptcy court for leave to amend his schedules by claiming his homestead exemption on the property. Helen Miller did not join in such petition and has not sought to claim the homestead exemption.[1]

The United States District Court, pursuant to petition of the trustee to set aside the trust deed as a preferential transfer under the provisions of the bankruptcy act, held that the conveyance was void. The court of appeals ordered the judgment redrawn as not to indicate on its face that the trust deed was void as between the parties to it. In otherwise affirming the judgment, the court of appeals held: "* * * the effect of the homestead provision [in the trust deed], whether it be referred to as an assignment, abandonment or a waiver, simply acts to protect Kent against the contingency of having his security reduced materially by a homestead exemption on the property." It said further: "We agree with the

[1]Pursuant to judgment of the United States Circuit Court of Appeals (I. H. Kent Company et al. v. Busscher, Trustee in Bankruptcy, Etc., 277 F.2d 901), modifying the judgment entered by the United States District Court for Nevada, such district court entered a further order that Helen Miller within a specified time file in that court either her claim for exemption of said homestead property or her relinquishment of such claim. Within the time specified Helen Miller filed an instrument relinquishing any claim to the property.

trial court that the right of homestead is a personal one created to protect the home and is completely inactive until activated by a husband and wife or by either or by the head of a family. It is nothing but an inchoate right that springs into effectiveness only by the application or declaration of those named and in no other manner. Therefore, the action of the bank-trustee and Kent in their attempt to establish a homestead for the Millers, and through this method remove the Miller property from the bankruptcy estate as exempt property, must fail. The property therefore remains in the estate, and since the conveyance was made less than four months before bankruptcy adjudication for an existing antecedent debt the conveyance cannot be effective to constitute a secured debt with preference over other debts." I. H. Kent Company v. Busscher, supra.

It rejected the claim of appellants here that they were properly acting as agents of the Millers in attempting to declare and fix upon the property a homestead exemption.

Appellants attack the holding of the circuit court as not sound in law, and assert in any event that it is not binding upon this court. However that may be, appellants commenced this action to obtain a judgment compelling Helen Miller to join with her husband in filing a claim for the homestead exemption. This they seek by reason of the language contained in the trust deed, which they assert places upon Helen Miller an equitable duty to claim the exemption, and because her refusal so to do jeopardizes the security interest in the property of Kent because the property will otherwise remain in the bankrupt's estate and be disposed of in the bankruptcy proceedings. The present appeal is from the lower court's order dismissing the complaint for failure to state a claim upon which relief could be granted.

The nature of appellants' contention is expressed by them as follows: "By the deed of trust, Helen K. Miller and her husband conveyed the property and their right of homestead therein to the trustee and beneficiary and, in equity, each of them should be compelled to do everything necessary to make that conveyance effective." In

support, they cite Gylling v. Kjergaard, 8 Cir., 293 F. 676, holding that mortgagees have the same right to enforce for their benefit every right the mortgagor had in the property which, by his selection he had the lawful power to render exempt by selecting and claiming such exemption, and that in the event of the mortgagor's refusal to claim such exemption it would be the duty of a court of equity to make the same on the application of the mortgagee. Appellants relate the present proceeding to a bill for specific performance and assert that it should be governed by the same rules.

We are compelled to reject this contention. It is uniformly held that constitutional and statutory provisions exempting the homestead from execution are intended to secure for the householder a home for himself and his family regardless of his financial condition; that laws exempting the homestead are not based upon principles of equity, nor do they in any way yield thereto, their purpose being to secure the home of the family even at the sacrifice of just demands, the preservation of the home being deemed of paramount importance as a matter of public policy. Clark v. Davis, 37 Wash.2d 850, 226 P.2d 904; Kleinert v. Lefkowitz, 271 Mich. 79, 259 N.W. 871; Volker-Scowcroft Lumber Co. v. Vance, 32 Utah 74, 88 P. 896, 125 Am.St.Rep. 828. The exercise and preservation of the homestead exemption is held to be a purely personal right which can be exercised or waived by the debtor. In re Mattingly, 42 F.Supp. 83; Branchfield v. McCulley, 192 Ore. 270, 231 P.2d 771, 235 P.2d 334; Mitchell v. Mitchell, D.C., 147 F. 280. It is our opinion that the authorities cited by appellant dealing with the doctrine of specific performance are not relevant to this issue. Here the appellant trustee and beneficiary under the deed of trust, in seeking to compel respondent to claim the exemption to preserve the security interests of appellants, are seeking such exemption exclusively for their own interest and not to implement the purely personal right of the mortgagors to preserve their property for themselves.

It must be conceded that the determination of the issue is not without difficulty, and that the decisions are not harmonious. Appellants place their reliance on Gylling v. Kjergaard, 8 Cir., 293 F. 676, and Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816, and assert that they are controlling on this appeal. However the later case of In re Mattingly, D.C.W.D. Ky., 42 F.Supp. 83, 84, discusses these two cases but holds that the weight of authority is contra. The following language is there used:

"The petitioners contend that the Trustee is required by Sections 6 and 7 of the Bankruptcy Act, §§ 24 and 25, Title 11 U.S.C.A., to set aside for the bankrupt the property which is exempt under the state law which would include the refrigerator in question. They admit the generally accepted rule that a bankrupt may waive his exemptions in favor of general creditors. See In re Roark, D.C.E.D. Ky., 28 F.Supp. 515. But they contend that this rule does not exist where it would operate to the prejudice of a mortgagee who has obtained his lien against the exempt property for value and in good faith. There is authority to support this contention. In re French, D.C.N.D.N.Y., 231 F. 255, 265; Gylling v. Kjergaard, 8 Cir., 293 F. 676; Baumbaugh v. Los Angeles Morris Plan Co., 9 Cir., 30 F.2d 816. On the other hand, the weight of authority seems to support the general rule that the right of exemption is personal to the debtor and can not be asserted by a creditor holding a lien against the property which may be set aside as preferential or fraudulent. Feilbach Co. v. Russell, 6 Cir., 233 F. 412; Mitchell v. Mitchell, D.C.E.D.N.C., 147 F. 280; In re Cross, D.C.M.D. Pa., 281 F. 217; Belknap & Co. v. Carpenter, 8 Ky. Law Rep. 358; 8 Corpus Juris Secundum, Bankruptcy, § 497. This prevailing view appears to be in harmony with the real purpose and intent of the exemption laws which are to save for the debtor from his financial wreck a certain amount of necessary property which will enable him to keep himself and family from actual want while attempting a new start in life. Exemption laws are essentially for the

benefit of the debtor and not for the purpose of enabling some creditor to secure for himself a larger percentage of the debtor's estate than is secured by other general creditors."[2]

It is interesting to note the language of the District Court N.D. Ga., In re Martin Bros., 294 F. 368, 370, as follows: "No one in the state court could prosecute or compel the prosecution of a homestead application, save the head of the family or the statutory beneficiaries. A creditor holding a homestead waiver, or a transfer of a homestead right, could not. No more can he in a court of bankruptcy. Furthermore, to permit this creditor to force an exemption for his own benefit would not only ignore the beneficial purposes declared in the state laws, but would be for this court actively to prefer him to other creditors, contrary to the policy of the Bankruptcy Act. His paper does not purport to transfer any specified property as security; but, if it did, and although antedating the bankruptcy more than four months, for want of record and sufficient description of the property conveyed, it would fail. It seeks to appropriate a sufficiency of a possible future exemption."

Conceding that the language used is to a large extent dictum, that no case is cited in support, and apparently the opinion has not been cited in later cases, we think that it is good law in view of the principles recited in the cases herein referred to.

The judgment of dismissal is affirmed with costs.

McNAMEE and THOMPSON, JJ., concur.

---

[2]But see Kronstadt v. Citizens & Southern Nat. Bank of Savannah, 5 Cir., 80 F.2d 260, not mentioned in the Mattingly case. Kronstadt, however, was definitely influenced by three elements not existing in the Mattingly case and not existing in the present appeal. (1) The selection of the homestead by the mortgage creditor was permissible under the state law involved. (2) The bankrupt had appointed the creditor as the bankrupt's agent to claim the exemption. (3) The security was given to secure a contemporaneous loan made by the creditor and accepted in good faith by the borrower.